WILLIAM L. NICHOLS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

February 16, 1895.

No. 9117.

**Negligence of Fellow Servant—Laws 1887, c. 13.**

The plaintiff was employed by the defendant railroad company as a wiper in its roundhouse, and was called by the foreman to assist in straightening a wire cable used to pull a plow in unloading gravel from flat cars in repairing the road. The cable was being pulled by a locomotive engine, to which one end of it was attached, while the other end was attached to a fixed object. The cable caught on the end of a tie, and became taut. A fellow servant pulled it off the end of the tie, when it swung with great force against plaintiff, and broke his leg. *Held,* the plaintiff was injured by reason of exposure to hazards peculiar to the repair and operation of railroads, and under Laws 1887, c. 13, the railroad company is liable for the negligence of its other servants, if plaintiff was injured by reason of such negligence.

**Same—Question for Jury.**

*Held,* under the evidence, it was a question for the jury whether plaintiff was injured by reason of the negligence of such other servants.

Action in the district court for Mower county to recover damages for injuries caused by the negligence of the defendant and its servants. At the trial the court, Whytock, J., directed a verdict for defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*John A. Lovely* and *French & Wright,* for appellant.

*Kingsley & Shepherd,* for respondent.

[1] Reported in 62 N. W. 386.

CANTY, J. The defendant, for the purpose of unloading gravel from its flat cars in the repair of its railroad, used a plow to which was attached a wire cable about 250 feet long, used in pulling the plow by steam power. This cable was coiled up under a coal shed the fall before, and remained in this condition all winter. The plaintiff was in the employ of defendant as a wiper in its round-house. On the day in question the defendant's foreman, Padden, got orders to lengthen the cable to the length of 300 feet. In order to do this, it was necessary to straighten out the cable, and measure it, and ascertain its present length. He ordered plaintiff and several other servants of defendant to assist in straightening it out. The cable had taken the shape of the coil, and become stiff, and resisted straightening, so that the men were not able to straighten it. Padden then ordered the men to distribute the cable along a switch track, for the purpose of having it stretched by a locomotive engine. One end of the cable was attached to a brace on the engine, and the engine and some of the men pulled the cable in one direction. The other end was pulled back by some of the men, and attached to a switch stand. There is a slight curve in the switch track, and the cable was being stretched along on the outer side of this curve. As the engine traveled further around on the curve, and the cable became more taut, it had a tendency to pull the cable in on the track, but the cable caught on the end of a tie outside the rail, and the engine continued to pull the cable slowly until the cable was straightened out, became taut, and stopped the engine. The plaintiff had stepped across to the opposite side of the switch track, near the coal shed, when McCarty, a fellow servant engaged in assisting to straighten the cable, caught hold of it, and pulled it off the end of the tie, when it swung with great force and velocity across the track, to where plaintiff was standing, and struck him, breaking one of his legs. It also killed McCarty. The plaintiff brought this action to recover damages for his injuries. On the trial the court below ordered a verdict for defendant, and from an order denying his motion for a new trial plaintiff appeals. The action is brought under Laws 1887, c. 13 (G. S. 1894, § 2701), on the ground that plaintiff's injuries were caused by the negligence of his fellow servants.

We are of the opinion that the plaintiff was exposed to hazards peculiar to the repair and operation of railroads, and was injured by reason of exposure to the same, and that this statute applies to the case. It is claimed by respondent that the use of a cable is not peculiar to the railroad business; that cables are used in operating elevators and mines, in transmitting power in factories, and in many other ways, and that, therefore, the statute does not apply. The test is not whether the conditions are in any respect parallel to those to be found in some other kind of business, or whether the appliances are in any respect similar to those used in some other kind of business. If there is any element of hazard or condition of danger which contributed to the injury, and which is peculiar to the railroad business, the statute applies. There certainly are such elements and conditions in this case. There is also evidence tending to prove that the injury was caused by the negligence of the foreman, the engineer, and McCarty, or some or all of them, and, in our opinion, it was a question for the jury whether or not any or all of them were guilty of such negligence.

The order appealed from should be reversed. So ordered.