JOAKIN LEIER v. MINNESOTA BELT-LINE RAILWAY & TRANSFER COMPANY.[1]

| 63 | 203 |
| 65 | 71 |
| 63 | 203 |
| 86 | 84 |

December 13, 1895.

Nos. 9782—(187).

**Injury to Railroad Employé—Negligence of Fellow Servants.**
>The plaintiff was employed in defendant's stock yards. When a stock train arrived, his duty was to step from a high platform upon the top of the cars as they drew up opposite the platform, and pull bundles of hay from the platform upon the top of the cars. The conductor of the train negligently ordered him to step from the platform upon the top of a passing car while it was going at too great a rate of speed to enable him to do so with safety,—a fact which was unknown to the plaintiff. Owing to the dangerous rate of speed of the car, plaintiff, while stepping upon it, was thrown to the ground, and his arm run over by the wheels of a car. *Held*, that he was injured by reason of exposure to hazards peculiar to the operation of railroads, and that G. S. 1894, § 2701, making railroad companies liable to their servants for injuries caused by the negligence of their fellow servants, applied.

**Complaint Construed.**
>Complaint construed, and *held* to state a cause of action.

Appeal by defendant from an order of the district court for Hennepin county, Belden, J., overruling a demurrer to the complaint. Affirmed.

*Wilson & Van Derlip*, for appellant.
*Larrabee & Gammons*, for respondent.

MITCHELL, J.  This was an action to recover damages for personal injuries caused by the alleged negligence of the defendant.

[1] Reported in 65 N. W. 269.

This is an appeal from an order overruling a demurrer to the complaint, and the only question is whether it stated a cause of action.

The allegations of the complaint may be summarized as follows: The defendant was operating a line of railway extending through the village of New Brighton, where it had stock yards, which were used and operated in conjunction with the line of railway in transferring and feeding stock. In these yards there was a platform built close to the railway track, and of the same height as the top of a stock car, on which were piled bales of hay for the purpose of feeding stock in the cars brought in on the railroad. When a stock train arrived, it was the duty of the conductor to inform defendant's servants in the yards what cars of stock were to be fed, and the quantity of hay required. When a car of stock was drawn up opposite the platform, the servants of the defendant, under the direction of the conductor, stepped from the platform to the top of the car, and drew thereon from the platform the required number of bales of hay, and then passed to the next car, where the same operation was repeated. The plaintiff was in the employ of the defendant in the stock yards, and his duties consisted in assisting in handling and feeding the stock, and, in general, doing whatever he was directed to do by the foreman of the yards. About midnight a train of stock was being brought into the yards, and defendant's foreman directed plaintiff to get upon the platform, and pull hay onto the top of the cars when they should be brought opposite the platform, and to do the work under the direction of the conductor of the train. Thereupon plaintiff got upon the platform, and when the first car approached, and was moving at a rate of speed too great to permit a person to do such work in safety, the conductor, who stood on the top of the car, negligently ordered plaintiff to get on the top of the car and pull on two bales of hay. Plaintiff, owing to his inexperience, as well as the darkness, did not know that the car was moving at such a rate of speed. He had never done that kind of work before, and was ignorant of the dangers connected therewith, of all of which the defendant had notice and knowledge. In obedience to the orders of the conductor, and relying upon his superior knowledge, and believing that it was safe and proper to do the work as directed by the conductor, he stepped from the platform upon the top of the car, when, "by reason of the facts herein set forth, and without any fault or negligence upon his part,"

he was thrown from the car, and his arm run over by the car wheels.

We think the fair construction of these allegations is—First, that it was usual and customary for defendant's servants to do this work under the directions of the conductor, and, hence, that in giving such instructions the conductor was acting within the scope of his duty; second, that the conductor knew, or, in the exercise of ordinary care, ought to have known, that the car was moving too fast for the plaintiff to step upon it without exposing himself to great danger of personal injury. If this was so, then the conductor was guilty of negligence in giving the order. It does not appear,—certainly not conclusively,—from the allegations of the complaint, that plaintiff was guilty of negligence in obeying the order. It must be remembered that contributory negligence is a matter of defense, and that a plaintiff is not required to negative it in his complaint. In doing the work which he was doing, in getting upon a moving car, plaintiff was exposed to an element of hazard or condition of danger which is peculiar to railroad business, and, as this element of danger caused or contributed to his injury, the statute (G. S. 1894, § 2701) applies, and the railway company would be liable if the injury was caused by the negligence of a fellow servant. Nichols v. Chicago, M. & St. P. R. Co., 60 Minn. 319, 62 N. W. 386; Mikkelson v. Truesdale, supra, p. 137, 65 N. W. 260.

Order affirmed.