WILLIAM BLOMQUIST v. GREAT NORTHERN RAILWAY COMPANY.[1]

| 65 | 69 |
|----|-----|
| 74 | 434 |
| 65 | 69 |
| 83 | 388 |
| 65 | 69 |
| 86 | 84 |

June 8, 1896.

Nos. 9945—(150).

Fellow Servant—Hazards of Railroad Business—Sectionman—G. S. 1894, § 2701.

Plaintiff, with others, was employed as a sectionman in repairing defendant's main track, by taking up rails, putting in new ties, and then replacing the rails. The work had to be done with great and extraordinary haste, in order to avoid danger to trains that were, or might be, approaching. While engaged in performing this work with this degree of haste, and while he and another sectionman were carrying a heavy iron rail, plaintiff was injured by his fellow servant's negligently releasing his hold on the rail and letting it fall. Held, that plaintiff's employment involved an element of hazard or danger which contributed to the injury, and which was peculiar to the "railroad business," and that, therefore, G. S. 1894, § 2701, making railway companies liable to their servants for the negligence of their fellow servants, applied.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., sustaining a demurrer to the complaint. Reversed.

*O. Mossness* and *A. A. Anderson*, for appellant.
*W. E. Dodge* and *B. D. Townsend*, for respondent.

[1] Reported in 67 N. W. 804.

MITCHELL, J. This action was brought to recover damages for personal injuries suffered by the plaintiff, while in the employment of the defendant, through the alleged negligence of a fellow servant. The question presented by the demurrer to the complaint was whether the facts alleged brought the case within the operation of Laws 1887, c. 13 (G. S. 1894, § 2701), making railway companies liable to their servants for damages caused by the negligence of a fellow servant.

The allegations of the complaint were that plaintiff was employed by the defendant as one of a crew of section hands, who were engaged in repairing defendant's track; that while he with the rest of the crew were engaged in the performance of their duties, it became necessary for them to take up from the main track a heavy iron rail, in order to remove the old ties and replace them with new ones, and for that purpose it became necessary to lift and carry the rail, in taking it from the track and afterwards replacing it, and in so doing it was necessary to use great and extraordinary haste, so as to accomplish the work of replacing the rail before the approach of a coming train; that while the rail was being thus moved and carried by the plaintiff and another section man, who were ordered by the section foreman to make haste, so that the track might be put in order so as to avert danger to a then approaching train, plaintiff's fellow servant, who was engaged with him in carrying the rail, negligently and suddenly released his hold of the rail, and dropped the same, by reason whereof plaintiff suffered the injuries complained of.

The language of the act is broad enough to include any injury sustained by any railroad employé, in any capacity, through the negligence of any other employé of the railroad in the same or any other capacity. In order to sustain the law, we have, by judicial construction, limited its operation to those employés of railroads who are exposed to the peculiar dangers attending the operation of railroads, or what are, for brevity, called "railroad dangers." But, as the general language of the act has been thus limited for the sole purpose of sustaining its validity, we think it ought not to be limited further than is necessary for that purpose. We have held that the test is not whether the conditions are in some respects parallel to those to be found in some other kinds of business, or whether the appliances are, in some respects, similar to those used in some other

kinds of business, but that if there is any substantial element of hazard or condition of danger which contributed to the injury, and which is peculiar to the railroad business, the statute applies. Nichols v. Chicago, M. & St. P. Ry. Co., 60 Minn. 319, 62 N. W. 386; Leier v. Minnesota Belt Line Ry. Co., 63 Minn. 203, 65 N. W. 269.

"Border cases" will occasionally arise where it will be difficult to determine whether they fall within the statute or not, and this may be one of them. But we think that under the allegations of the complaint it can be fairly said that plaintiff's employment involved an element of hazard or condition of danger peculiar to the railroad business, and intimately connected with and growing out of the operation of the road, to wit, that he was engaged in repairing the track upon which trains were operated, and that, in view of that fact, the work had to be done with great and unusual haste, in order to avoid danger to trains that were or might be approaching. We therefore think that the complaint stated a cause of action, and that the demurrer ought to have been overruled.

Defendant's counsel have not favored us with any brief, and for that reason the order appealed from might have been reversed under the rules; but, under the circumstances, we think that plaintiff is entitled to the benefit of a decision on the merits.

Order reversed.