ED. ANDERSON v. GREAT NORTHERN RAILWAY COMPANY.

December 5, 1898.

Nos. 11,304—(131).

Railway—Injury Caused by Fellow Servant—Instruction to Jury Erroneous.

The plaintiff, with others, was at work repairing a portion of defendant's roadbed, and was injured by the alleged negligence of a fellow servant in releasing, without giving any warning, a track jack which held up a part of the track, which by reason thereof fell upon the plaintiff's foot. The evidence on the trial was such that it was a question for the jury whether the work was being executed under such conditions and circumstances as to expose the plaintiff to the peculiar hazards incident to the use and operation of railroads. The trial court instructed the jury that, if it was the custom to give notice before releasing the jack, and such notice was not given, the jury would be warranted in finding the fellow servant operating the jack guilty of negligence, and that the defendant would be liable for the result of such negligence. *Held* error.

From an order of the district court for Norman county, Ives, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $300, defendant appealed. Reversed.

*C. Wellington,* for appellant.

The court erred in allowing plaintiff to give his opinion as to the practicability or possibility of performing the work in which he was engaged, without being warned by the man who worked and operated the track jack. See Couch v. Charlotte, 22 So. C. 557; Way v. Illinois, 40 Iowa, 341; City v. Sherwood, 39 Kan. 690; Lawson v. Chicago, 64 Wis. 447; Weeks v. Town, 54 Vt. 638; Bliss v. Inhabitants, 8 Allen, 564; Kelley v. Town, 31 Wis. 179. The court erred in denying defendant's motion to direct a verdict in its favor, as there was neither allegation nor evidence in the case connecting the alleged unusual haste in performing the work with the carelessness of plaintiff's fellow servant in permitting the track to drop. See Blomquist v. Great Northern Ry. Co., 65 Minn. 69; Nichols v. Chicago, M. & St. P. Ry. Co., 60 Minn. 319; Leier v. Minnesota B. L.

Ry. & T. Co., 63 Minn. 203; Mikkelson v. Truesdale, 63 Minn. 137; Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249; Johnson v. St. Paul & D. R. Co., 43 Minn. 222; Pearson v. Chicago, M. & St. P. R. Co., 47 Minn. 9.

G. S. 1894, § 2701, applies to those employees who are exposed to the peculiar hazards incident to the use and operation of railroads, and whose injuries are the result of such dangers. Johnson v. St. Paul & D. R. Co., supra.

*Peter Sharpe* and *Calkins & Calkins*, for respondent.

It was not error for the court below to allow plaintiff to testify as to his impressions in regard to the safety of the work without being warned whenever the track was lowered. See Beatty v. Gilmore, 16 Pa. 463; Graham v. Pennsylvania, 139 Pa. 149; Laughlin v. Street, 62 Mich. 220; Horan v. Chicago, 89 Iowa, 328; Cross v. Lake Shore, 69 Mich. 363; Girard v. City, 92 Mich. 610; Merkle v. Township, 68 Mich. 133; Healy v. Visalia, 101 Cal. 585; McCormick v. Burandt, 136 Ill. 170; McNearey v. Reading, 150 Pa. St. 611; Kehler v. Schwenk, 151 Pa. St. 505. The case at bar is nearly identical with that of Blomquist v. Great Northern Ry. Co., supra. The latter case, plaintiff contends, is decisive here.

START, C. J.

The plaintiff was one of a crew of men working for the defendant in repairing its roadbed, which had been washed out by high water. The ties and rails where the washout occurred were blocked up by timbers, so that trains continued to run notwithstanding the break in the roadbed. Dirt and gravel were dumped in to fill the break, and the plaintiff was at work, with his fellow servants, shoveling the dirt and gravel, in order to remove the timbers that temporarily supported the track. In this work of removal one side of the track was raised by a track jack, operated by a lever, by one of the men, who released the lever without giving any warning to the workmen, as plaintiff claims, and the track came down, and his foot was caught between one of the ties of the track and one of the timbers which had been used to support the track, and his foot was thereby

crushed. He brought this action to recover damages for the injury, and had a verdict for $300.

The defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The complaint, for the purpose of bringing the case within the doctrine of the case of Blomquist v. Great Northern Ry. Co., 65 Minn. 69, 67 N. W. 804, and making it appear that the plaintiff was injured while exposed to peculiar hazards incident to the use and operation of railroads, within the meaning of the statute (G. S. 1894, § 2701), alleged that the work was being executed in great and extraordinary haste, so as to complete the work and replace the track before the arrival of any trains. This allegation was put in issue by the answer, which also affirmatively alleged that plaintiff's injury was caused by one of the ordinary risks incident to the plaintiff's employment and to the work in which he was engaged.

The evidence given on the trial was such that it was a question of fact for the jury whether or not the work in which the plaintiff was engaged at the time of his injury was being executed under such conditions and circumstances as to expose him to the peculiar hazards incident to the use and operation of railroads, and whether he was injured as the result of such dangers. This is admitted by the plaintiff.

The defendant, however, claims that there is neither allegation nor evidence showing any connection between the alleged extraordinary haste in the execution of the work and the negligence of plaintiff's fellow servant in letting the track fall, and that for this reason the trial court erred in denying its motion to have the jury instructed to return a verdict for it, and in not granting its motion for judgment notwithstanding the verdict. It is true that the connection was not directly alleged in the complaint, but there was no objection to the evidence on this point, which was such that the jury might, if satisfactory to them, have fairly drawn the inference that the extraordinary haste under which the work was necessarily executed, in expectation of the coming of a train, was a factor in the negligence of the fellow servant in dropping the track without

giving any warning. The defendant was not entitled to the instruction.

As to the issue of negligence of the servant who dropped the track, and whether the defendant was liable for his negligence, the trial court instructed the jury as follows:

"You will ascertain from the evidence whether or not the custom of their work there was that a notice was to be given when the track jack was to be let loose; also whether or not that notice was given. If it was such a custom to give that notice, and notice was not given, then you would be warranted in finding the fellow servant was guilty of negligence, and that the company would be liable for the result of such negligence on the part of the co-employee."

The giving of this instruction was duly excepted to. Manifestly it was error to give it. The trial court, in effect, instructed the jury that if it was the custom to give the notice, and it was not given, they would be justified and authorized in finding, from those facts alone, that the plaintiff's fellow servant was guilty of negligence, and that the defendant would be, as a matter of law, liable for the result of such negligence on his part.

The important issue of fact in the case, as to whether the work was being executed under such conditions and circumstances as to expose the plaintiff to the peculiar hazards incident to the use and operation of railroads, was withdrawn by this instruction from the consideration of the jury, and the court held, as a matter of law, that if the co-servant was negligent the defendant was liable for his act. A new trial must be granted for this error.

It is proper to add, with reference to such trial, that the trial court erred in permitting the plaintiff to give his opinion that it was neither practicable nor possible to work with safety in repairing the track in the manner he did, except by a warning from the man who held the lever of the track jack.

Order reversed, and a new trial granted.