GEORGE KREUZER v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 7, 1901.

Nos. 12,528—(70).

Clearing Wreck—Negligence of Fellow Servant.

The plaintiff, while at work clearing a wrecked train from the defendant's railway tracks, was injured by the alleged negligence of his fellow servants, which caused the roof of a disabled car to fall upon him. *Held* that, upon the evidence in this case, it was a question for the jury whether or not the work was being executed under such conditions and circumstances as to expose the plaintiff to the peculiar hazards of railroad service, within the meaning of G. S. 1894, § 2701, making railway companies liable to an injured employee for the negligence of his fellow servant.

Action in the district court for Otter Tail county to recover $15,000 for personal injuries. The case was tried before Searle, J., and

[1] Reported in 86 N. W. 413.

83 M.—25

a jury, which rendered a verdict in favor of plaintiff for $8,000. On defendant's motion for judgment notwithstanding the verdict or for a new trial, the court made an order denying judgment but granting a new trial. From this order defendant appealed. Affirmed.

W. E. Dodge and J. W. Mason, for appellant.

C. C. Houpt and Parsons & Brown, for respondent.

START, C. J.

The complaint in this (a personal injury) action alleges, in substance, these facts: The plaintiff on October 7, 1899, was, and had been for a number of years prior thereto, in the service of the defendant as a section hand. On the night of the day named he was engaged, as one of a crew of men under the direction of the defendant's division road master, in the work of clearing away a wreck on the railway track. Extraordinary haste was used in the execution of the work, and the plaintiff and others were directed by the road master to enter a wrecked freight car then on the track, and remove its load of cordwood. They complied with the order, and while so engaged in the inside of the car the road master ordered a large number of men upon the broken and loose roof of the car, which caused the roof to sag and fall upon the plaintiff, whereby he was injured. The acts of the road master in ordering the men upon the roof of the car, and the acts of the men in so crowding upon the roof of the car, were negligent, and were caused by the extreme haste and urgency with which the work of clearing away the wreck was executed. The plaintiff's injuries were caused by such negligence, whereby he sustained damages in the sum of $15,000. The answer, so far as here material, alleges that the plaintiff's injuries were caused by his own negligence, and denies all allegations of negligence in the premises on the part of the defendant. The trial resulted in a verdict of $8,000 for the plaintiff, and the defendant made a blended motion for judgment in its favor or for a new trial. The trial court made its order denying the motion for judgment, but granted a new trial. The defendant appealed from the whole of the order, and here claims that, upon the undisputed evidence, it was, as a matter of law, en-

titled to a directed verdict in its favor; hence it is here entitled to an order for judgment in its favor notwithstanding the verdict, pursuant to Laws 1895, c. 320.

There was little or no conflict of evidence as to many of the material facts. The undisputed evidence establishes these facts: A collision occurred between two of the defendant's freight trains near Ashby, this state, October 7, 1899, resulting in a disastrous wreck, and the obstruction of the railway tracks by the disabled cars so that no trains could pass until they were removed, and it was necessary to do so with haste. The section crew, of whom the plaintiff was one, were ordered out to clear away the wreck, which they reached about eleven o'clock at night, and commenced work. Among the cars to be removed was a box car some thirty-eight feet long, and loaded with cordwood, which was next to the coal tender on the engine. The tender had been driven by the collision into the front end of the car about five feet, shoving the wood together and raising the front end of the roof some five feet, and left it resting on the wood on the tender, which, with the rear end of the car, was all that supported the roof, for the reason that both sides of the car were spread out. The doors of the car could not be opened, and the only way to get into it was through the top, where it had been raised up and the sides bulged out. The road master ordered the men to get up on the car and unload the wood, and to hurry up. The plaintiff, with four others, got into the car and commenced passing the wood up to five other men on the roof of the car. The number on the roof, however, was increased to some ten or more, when the roof sagged and pressed down upon the plaintiff, causing the injury complained of. The road master gave no directions as to the manner of executing his order to clear the car, but he repeatedly told the men to hurry the work.

It is not entirely clear from the evidence whether the roof fell because the wood was removed from the car, or because the roof was overweighted with men, or from both causes. If the former, as the defendant claims, was the cause of the roof falling, the plaintiff would not be entitled to recover, in any view of the case; for he was an experienced section man of eleven years, and must

be held to have known, appreciated, and assumed the risks of removing the wood which supported the roof, if he did so. Reiter v. Winona & St. P. R. Co., 72 Minn. 225, 75 N. W. 219; Kletschka v. Minneapolis & St. L. R. Co., 80 Minn. 238, 83 N. W. 133. The evidence, however, is not conclusive on this point. But if the roof fell upon the plaintiff by reason of its being overweighted by the men thereon, and this condition was due to the negligence of the road master or of the men themselves, as alleged in the complaint, then it was the negligence of the plaintiff's fellow servants, and he cannot recover, and the defendant is entitled to judgment as claimed, unless the work in which the plaintiff was engaged involved an element of hazard or condition of danger peculiar to the business of railroading, so as to bring the case within the provisions of G. S. 1894, § 2701, making railroad companies liable to an employee injured in their service by the negligence of his fellow servants.

The defendant insists that there is no evidence in this case to show that the plaintiff was engaged in work involving any railroad dangers. In Blomquist v. Great Northern Ry. Co., 65 Minn. 69, 67 N. W. 804, it was held that a section man who was engaged with his crew in the work of repairing a railway track, the execution of which required extraordinary haste, and who was injured by the negligence of his fellow servant in suddenly dropping a rail, was entitled to recover. The case was followed in Anderson v. Great Northern Ry. Co., 74 Minn. 432, 77 N. W. 240, where one of a railway crew engaged in repairing a washout in the defendant's road was injured by the negligence of his fellow servant in releasing without warning a track jack which held up a part of the track, which by reason thereof fell upon the plaintiff's foot. And it was held in that case that it was a question of fact for the jury whether or not the work was being executed under such circumstances and conditions as to expose the injured party to railroad hazards. The present case cannot be distinguished in principle from those cited, for the evidence tends to show that the wreck was an extensive one, and that the tracks were covered with the ruins of the wreck, including disabled cars, and, further, that the work was urgent, and great haste required in its execution, so as

to clear the tracks for the passage of expected trains. The fact that the crew was called out in the nighttime to do the work indicates that it was unusual and urgent in its character. We therefore hold that, under the evidence in this case, it was a question for the jury whether the work was being executed under such circumstances as to expose the plaintiff to the peculiar hazards of railroading.

Such being the case, the defendant was not, as a matter of law, entitled to a directed verdict in its favor, and the order appealed from must be, and is, affirmed.