## KIBBE v. STEVENSON IRON MIN. CO.

### (Circuit Court of Appeals, Eighth Circuit. March 6, 1905.)

#### No. 2,066.

1. CONSTRUCTION OF STATE STATUTES AND CONSTITUTIONS—FEDERAL COURTS FOLLOW STATE COURT.

   The national courts follow the construction of the Constitution and statutes of a state given by its highest judicial tribunal in cases that involve no question of general or commercial law and no question of right under the Constitution or laws of the nation.

   [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 956, 957.

   State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. FELLOW SERVANT LAW—STATE COURT HOLDS APPLICABLE TO MINING CORPORATIONS.

   The Supreme Court of Minnesota has held that the fellow servant law of that state (section 2701, Gen. St. Minn. 1894) applies to a mining corporation which is not a railroad corporation, but which owns and uses a short line of railroad to mine its ore; that the statute applies to "all persons and corporations operating a line of railroad incident to which are the hazards and risks intended to be guarded against by the Legislature."

**3. SAME—NOT VIOLATIVE OF CONSTITUTION OF UNITED STATES.**

A fellow servant law thus construed is not so clearly beyond the limits of the police power of the state that it must be declared violative of the Constitution of the United States.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Minnesota.

Samuel A. Anderson (Albert Baldwin, on the brief), for plaintiff in error.

John G. Williams (A. L. Flewelling, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge.  Elmer A. Kibbe, the plaintiff in error, brought an action against the Stevenson Iron Mining Company, a corporation, organized for the purpose of and engaged in mining ore in the state of Minnesota, for damages which resulted from a personal injury, which was inflicted upon him, as he alleged, by the negligence of the corporation while he was employed by it as a railway switchman and brakeman engaged in operating a short railway which it was using for the sole purpose of drawing the iron ore from its mine to the railroad yards of the Eastern Minnesota Railway Company, where it was delivered to that corporation for transportation.  The evidence disclosed these facts:  The defendant was organized for the purpose of mining ore, and not for the purpose of owning or operating railroads. It owned two parallel railroad tracks from one-half a mile to three-fourths of a mile in length, which extended from the railway yards of the Eastern Minnesota Railway Company down an inclined plane into its mine.  It also owned two railway engines and a number of cars that were used for drawing the ore from the mine to the yards of the railway company.  The defendant was engaged as a brakeman in the operation of a train of these cars upon one of these tracks when he was injured.  The plaintiff claimed that his injury was caused by the negligence of the engineer of the train, who was his fellow servant.  At the close of the trial the court instructed the jury to return a verdict in favor of the defendant upon the sole ground that section 2701 of the General Statutes of Minnesota of 1894 (the fellow servant law of Minnesota) was inapplicable to this case.

The verdict and the judgment which followed it are assailed by counsel for the plaintiff on the ground that since they were rendered the Supreme Court of Minnesota has decided in the case of Kline v. Minnesota Iron Co., 100 N. W. 681, the question, which was certainly debatable at the time of the trial, whether or not a mining corporation which was operating a railroad for the sole purpose of extracting ore from its mine is subject to the provisions of the fellow servant law of Minnesota, in favor of his contention.  Counsel for the defendant in error contends, on the other hand, that section 2701 is inapplicable to the ownership and operation of a short railroad of such a corporation for the sole purpose of mining its ore, and that, if the statute may be

broadened by construction to cover such a case, it violates both the Constitution of the United States and that of the state of Minnesota. He has presented a brief and argument in support of these positions with an ability, learning, and force which have awakened the interest and admiration of the court, and which might have quite persuaded it to his view if these issues had not, in its opinion, become foreclosed by decisions which control its action. But a careful perusal of the opinions of the Supreme Court and of those of the Supreme Court of Minnesota has forced our minds to the conclusion that the issues of law which he presents are not open to our consideration or determination.

The national courts uniformly follow the construction of the Constitution and statutes of a state given by its highest judicial tribunal in all cases which involve no question of general or commercial law and no question of right under the Constitution and laws of the nation. Bolles v. Brimfield, 120 U. S. 759, 763, 7 Sup. Ct. 736, 30 L. Ed. 786; Detroit v. Osborne, 135 U. S. 492, 499, 10 Sup. Ct. 1012, 34 L. Ed. 260; Madden v. Lancaster County, 65 Fed. 188, 192, 12 C. C. A. 566, 570; Clapp v. Otoe County, 104 Fed. 473, 477, 45 C. C. A. 579, 582; City of Beatrice v. Edminson, 54 C. C. A. 601, 604, 117 Fed. 427, 430. The Supreme Court of Minnesota has decided that section 2701 governs the relation of master and servant, and the liability of the former to the latter when they are engaged in the operation of a short railroad owned and operated by a mining corporation, which is not a railroad corporation, for the sole purpose of operating its mine, and that the statute thus construed does not violate any provision of the Constitution of the state of Minnesota. It has held that this statute applies not to railroads as such, but to railroad hazards, that it governs "all persons and corporations operating a line of railroad incident to which are the hazards and risks intended to be guarded against by the Legislature," and that the statute thus construed is not violative of the Constitution of the state. Kline v. Minnesota Iron Co. (Minn.) 100 N. W. 681, 682; Schus v. Powers-Simpson Co., 85 Minn. 447, 89 N. W. 68; Lavallee v. Ry. Co., 40 Minn. 249, 41 N. W. 974; Pearson v. Ry. Co., 47 Minn. 9, 49 N. W. 302; Johnson v. Ry. Co., 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; Blomquist v. Ry. Co., 65 Minn. 69, 67 N. W. 804; Roe v. Winston, 86 Minn. 77, 90 N. W. 122; Schneider v. Ry. Co., 42 Minn. 72, 43 N. W. 783; Steffenson v. Ry. Co., 45 Minn. 355, 47 N. W. 1068, 11 L. R. A. 271; Kreuzer v. Ry. Co., 83 Minn. 385, 86 N. W. 413. The decisions of the Supreme Court have placed beyond debate the proposition that state legislation thus construed is within the police power of the state, and does not violate the Constitution of the United States. Missouri Pac. Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Holden v. Hardy, 169 U. S. 366, 393, 18 Sup. Ct. 383, 42 L. Ed. 780; St. Louis Consolidated Coal Co. v. Illinois, 185 U. S. 203, 22 Sup. Ct. 616, 46 L. Ed. 872. In deference to these decisions, the conclusion of the Circuit Court that this statute was inapplicable to the servants of the defendant who were engaged in operating its railroad cannot be sustained.

The question whether or not there is any substantial evidence of the negligence of the fellow servant which could be rightfully submitted to the jury has not been considered, and no opinion has been formed or

expressed upon it, for the reason that this question does not appear to have been ruled by the court below.

The judgment below is reversed, and the case is remanded to the Circuit Court, with directions to grant a new trial.