PETER JOHNSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 12, 1908.

Nos. 15.755—(172).

**Railroad Hazard.**

A crew of workmen, including respondent, were constructing a railroad track over low ground to connect appellant's main track with its railroad yards. Piles were driven and a trestle built, upon which were laid the ties and rails; it being the intention to fill in the trestle with earth, thus making it permanent. For the purpose of driving the piles a flat car was fitted up with a pile driver, and was moved back and forth on the track

[1] Reported in 116 N. W. 936.

by means of an engine located on the car. While respondent was employed as a carpenter in constructing the trestle, he was injured by the negligent movement of the car. *Held*, conceding that respondent and the man in charge of the movements of the car were fellow servants, the work in which they were engaged constituted a railroad hazard.

Action in the district court for Polk county to recover $20,000 for personal injuries. The case was tried before Watts, J., and a jury which rendered a verdict in favor of plaintiff for $4,750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. W. Mason* and *J. H. Maybury*, for appellant.

*Charles Loring*, for respondent.

LEWIS, J.

Appellant was engaged in constructing a trestle work to connect its main track with its yards in the village of Cass Lake. The trestle was built with piles driven into the ground in rows of three, crosswise, and about sixteen feet apart lengthwise. On top of each row of piles was placed a timber, called a "cap," on which stringers were laid, extending from one cross-row of piles to the next, and on these stringers were laid the cross-ties, on which were placed the rails. It was the intention to fill in this trestle work with dirt. In driving the piles appellant made use of what is known as a "pile driver car"— a flat car, on which was built the pile driver and an engine, which propelled the car forward and backward, with its own power, by means of sprocket chains and wheels. The lead of the pile driver suspended from the beam and extended out from the car a distance of about sixteen feet. As the trestle work progressed the car was moved forward on the track for the purpose of driving the next row of piles, and when that was accomplished the car was moved back, so that the work of placing the caps, stringers, ties, and rails could be carried on. Respondent was a bridge carpenter, and engaged in constructing the trestle. At the time of the accident he had just taken some bolts from the car, walked to the end of the track, sat down on the middle of the last tie laid, and, while in the act of looking down for a place to jump, heard the noise of the car, looked up, and saw the lead within two or three feet from him, and before he could drop

to the ground was caught by the lead and crushed between it and the track, receiving severe injuries.

Respondent recovered a verdict, and for the purpose of this appeal it is admitted that the injuries were occasioned by the negligence of a fellow servant, the man in charge of the movements of the car; and the only question is whether or not the men were engaged in what is called a "railroad hazard."

Appellant claims that the case is controlled by Johnson v. St. Paul & D. R. Co., 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419, and Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696. In the Johnson case the railroad company employees were engaged in repairing a bridge, and the draw was left unfastened by the negligence of one of the crew, and was blown shut by the wind, thus causing injuries. The court held that the statute did not apply. In the Jemming case it was held that the crew of men, of which the plaintiff was one, were engaged in the independent work of operating a steam shovel in a gravel pit, and that the leading feature which removed the work from a railroad hazard was the fact that the engine was stationary, and that the track upon which it was located was portable, and not connected with the railway proper. But in the case before us appellant was engaged in constructing an extension of its railroad track. In the Jemming case the operation of the engine on the flat car in the gravel pit was not the operation of a car or engine upon railroad tracks. The effect was the same as though the gravel was loaded into wagons and hauled to the main track for repairing purposes.

In this case the pile driver apparatus was located on a car operated on the railroad tracks, back and forth as necessity required. True, the car was not moved by an independent locomotive; but it was operated by an engine located on the car itself. These features constituted those characteristic dangers, peculiarly connected with the operation of railroads, known as railroad hazards. Nichols v. Chicago, M. & St. P. Ry. Co., 60 Minn. 319, 62 N. W. 386; Blomquist v. Great Northern Ry. Co., 65 Minn. 69, 67 N. W. 804. There being no dispute about the facts, we think the trial court correctly applied the law, and that the case does not come within what are known as "border cases," where the question is in doubt, as, for instance, An-

derson v. Great Northern Ry. Co., 74 Minn. 432, 77 N. W. 240; Kreuzer v. Great Northern Ry. Co., 83 Minn. 385, 86 N. W. 413; and Tay v. Willmar & S. F. Ry. Co., 100 Minn. 131, 110 N. W. 433.

Affirmed.