THOMAS CHRISTIANSEN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and Another.[1]

March 12, 1909.

Nos. 15,944—(208).

**Issue not Pleaded—Aider by Verdict.**

A complaint alleged specific acts as negligence, and contained a general allegation that the defendants otherwise negligently conducted themselves, and were guilty of such careless and negligent acts, omissions, and conduct that by reason thereof, or by reason of each and all of the aforesaid negligent and careless acts, and each of them, the plaintiff was injured. No motion to make more specific was made, and at the trial evidence was received without objection tending to show a negligent act not specifically charged in the complaint, and that issue was submitted to the jury. *Held,* that the act thus proven must, after verdict, be considered as having been alleged, or at least litigated by consent.

**Question of Railroad Hazard.**

As there was evidence tending to show that the crew of men engaged in repairing a railroad track were being hastened in order to prepare the track for an approaching train, it was for the jury to determine whether they were being subjected to the hazards peculiar to the use and operation of a railroad.

[1] Reported in 120 N. W. 300.

**Charge to Jury—Harmless Error.**

> The error in giving a general instruction, erroneous only because of the omission of a qualifying word, is cured by an accurate statement of the specific conditions under which the plaintiff may and may not recover.

Action in the district court for Freeborn county against defendant railway company and William Murtaugh to recover $1,500 damages for personal injuries. The case was tried before Kingsley, J., who denied a motion to dismiss the case at the close of plaintiff's testimony and denied a motion to direct a verdict for defendant railway company. The jury returned a verdict in favor of plaintiff for $1,000. From an order denying the motion of defendant corporation for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Morgan & Meighen* and *Charles E. Vroman,* for appellant.

Plaintiff was injured by the act of a fellow servant and was not exposed to hazards peculiar to the operation of railroads. O'Niel v. Great Northern Ry. Co., 80 Minn. 27; Pearson v. Chicago, M. & St. P. Ry. Co., 47 Minn. 9; Dunn v. Chicago, 130 Iowa, 580. The ordinary work of the section gang, disconnected from any control of the train, is not within the meaning of the statute. Connors v. Chicago, 111 Iowa, 384; Hathaway v. Illinois, 92 Iowa, 337; Matson v. Chicago, 68 Iowa, 22.

*Dunn & Carlson,* for respondent.

Whether plaintiff was within the protection of the fellow servant act was a question for the jury. Tay v. Willmar & S. F. Ry. Co., 100 Minn. 131; Blomquist v. Great Northern Ry. Co., 65 Minn. 69. The haste with which it was necessary to do the work exposed plaintiff to railroad hazards.

ELLIOTT, J.

Thomas Christiansen, the respondent, recovered a verdict in a personal injury action against the Chicago, Milwaukee & St. Paul Railway Company and one of its employees, named William Murtaugh, and the defendant railway appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Christiansen and Murtaugh were members of a crew of workmen in the employ of the railway company, and were engaged in lining up and repairing the railway track, which was being largely reconstructed.

While working with four other men, Christiansen was caused to fall on a crowbar, which he was holding under one of the rails, by the negligent act of Murtaugh in kicking a tie on which Christiansen was standing from under his feet. The appellant contends (1) that the pleadings were not broad enough to enable the plaintiff to recover for this negligent act of Murtaugh, and that the issue was not tried by consent; (2) that the plaintiff and Murtaugh were fellow servants; (3) that the trial court erred in instructing the jury (a) that it was negligence as a matter of law for Murtaugh to kick the tie out and cause it to roll from under the plaintiff's feet while he was at work and (b) that exposure to the hazards incident to the use and operation of a railroad would bring the plaintiff within the fellow-servant act, without limiting it to such hazards as are peculiar to the use and operation of a railroad; (4) that the plaintiff's counsel was guilty of misconduct.

1. It is conceded that the complaint states a cause of action, but it is claimed that it does not state a cause of action based on the negligent act of Murtaugh. The complaint alleged that the defendant "did negligently and carelessly furnish said plaintiff and said other employees with dangerous, defective, and improper tools and appliances with which to perform said work, and negligently failed and neglected to warn or instruct this plaintiff and said other servants of the hazards and dangers of the work." Then follows a general allegation: "And said defendants and both of them then and there otherwise so negligently, carelessly, and recklessly conducted themselves, and were guilty of such careless and negligent acts, omissions and conduct that by reason thereof and by reason of each and all the aforesaid negligent, reckless and careless acts and omissions of the defendants, and each and both of them, this plaintiff was suddenly caused to lose his footing and his feet were caused to be thrown from under him and he was suddenly and violently thrown and caused to fall," etc. See Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75; Dunnell, Pl. § 1640. The defendant was thus advised that the plaintiff claimed that he was injured by negligent acts other than those specifically enumerated. No motion to make the complaint more specific having been made, and the evidence as to the manner of the accident having been received without objection, the issue must be considered as having been litigated by consent. No

question of the sufficiency of the pleadings was raised during the trial, and it cannot now be raised for the first time. Under the circumstances, this particular act of negligence must be considered as alleged by the complaint under the general charge which has been quoted.

2. The question whether Murtaugh and the plaintiff were, under the circumstances, entitled to the benefit of the fellow-servant laws was submitted to the jury, which found that they were not at the time fellow servants. Whether the statute applied depended upon whether the work in which they were engaged was such as to create the hazards peculiar to the operation of railroads. The cases on the application of the statute are reviewed in Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696. In O'Niel v. Great Northern Ry. Co., 80 Minn. 27, 82 N. W. 1086, 51 L. R. A. 532, the injured man was a member of a surfacing gang engaged in work similar to that which these parties were doing. One of them was injured by being caught by an undrawn bolt in rolling timbers down from a trestle which was being dismantled. It was held that the men were not within the fellow-servant act, because the dangers of the work were no other or different in kind than in other employment. In Pearson v. Chicago, M. & St. P. Ry. Co., 47 Minn. 9, 49 N. W. 302, a crew of which the plaintiff was one was engaged in loading railroad iron from the ground upon a flat car when one of the crew negligently allowed one of the rails to fall upon the plaintiff's arm. As this work did not involve any of the peculiar hazards incident to the use and operation of railroads, it was held that the men were fellow servants, and not entitled to the benefit of the statute.

But it has been held that the fact that such work has to be done in great haste in order to get the track ready for, or to escape the danger from, an approaching train, makes it at least a question for the jury to determine whether the men were subjected to a railway hazard. Blomquist v. Great Northern Ry. Co., 65 Minn. 69, 67 N. W. 804; Anderson v. Great Northern Ry. Co., 74 Minn. 432, 77 N. W. 240; Kreuzer v. Great Northern Ry. Co., 83 Minn. 385, 86 N. W. 413. In Tay v. Willmar & S. F. Ry. Co., 100 Minn. 131, 110 N. W. 433, the court said: "The cases cited clearly indicate that no hard and fast rule or academic definition has been or can be formulated whereby it may be determined what is a railroad hazard and that each case must be

adjudged upon its special facts; and, further, that the statute is to be treated as a remedial one for the benefit of railroad employees, and that it is only in exceptional cases that any railroad employee can be excluded from its benefits. Whether a particular case is within the statute is a question of fact for the jury if the facts are in dispute, or, if admitted, different minds might draw different conclusions from them. Tested by this rule, and following the cases to which we have referred, we hold that the admitted facts in this case do not show, as a matter of law, that the employment of the plaintiff when injured did not involve an element of hazard or condition of danger peculiar to the railroad business. The question was one of fact, and the trial court erred in not submitting the case to the jury."

The question of haste was in this case. The complaint alleged that "it was necessary to carry on and conduct said work with haste and expedition, because of the operation and movement of the trains, engines and cars upon said railroad track," etc. The plaintiff testified as follows:

"Q. You may go on and tell what he said to you men about what work you should do, how you should do it, and when. A. He said we should hurry up and line the track and get it in shape before the train came. Q. That was Mr. McKinsey, the boss? A. Yes. Q. Was there a train due about that time, or shortly after? A. Yes, sir. Q. And from which way was it expected? A. From the east. Q. And when he gave these instructions, did you go to lining the track? A. Yes, sir. Q. While you were lining the track, and up to the time you were injured, was there anything said by the straw boss about the work and how it should be done? A. Yes, sir. Q. What did he say? A. He said: 'Hurry up, boys.' Q. Did he say it once, or more than once? A. More than once. Q. Well, did you men act under instructions? A. We hurried up, all of us. Q. And at and prior to the time you were injured how were you working? A. Fast. Q. Uncommonly fast, or unusually fast? A. Unusually fast. Q. And what caused you to work unusually fast? A. He was hurrying up on us. Q. Why were you hurried up, and being hurried up? A. We expected the train to come. Q. And you were to line this track and get it into shape before the train came over it? A. Yes, sir."

The foreman testified that there was nothing to prevent the train

from passing back and forth over the rails; but, if the plaintiff's testimony was true, it is evident that the men were hurried along and told that it was necessary to prepare for the coming of the train.

3. The jury were instructed that: The statute "has been held to apply only to those employees of a railroad company who are exposed to the hazards incident to the use and operation of railroads, and whose injuries are the result of such dangers. * * * The first question for your consideration is this: Was the plaintiff in this case exposed to a hazard incident to the use and operation of the railroad and were the injuries which he received the result of such dangers?" It is contended that this is erroneous, because it was not confined to "the peculiar hazards incident to the operation of railroads." It is true that the statute applies only when the employee is subjected to hazards which are peculiarly and distinctly incident to the use and operation of railroads; but the omission of the restrictive word cannot have been prejudicial in this instance, because the court told the jury specifically that: "The test is this: Was he engaged in repairing a track upon which trains were operated, and, in view of that fact, did the work have to be done with great and unusual haste in order to avoid danger to trains that were or might be approaching? If his work was of that character, then he would be, within the rule which I have given you, exposed to the hazards incident to the use and operation of railroads. On the other hand, if he was not—that is to say, if the work upon which he was engaged did not have to be done with great and unusual haste in order to avoid danger to trains that were or might be approaching—then he was not exposed to the hazards incident to the use and operation of railroads."

4. The claim that the plaintiff's counsel was guilty of misconduct need not be considered, further than to suggest that Mr. Rockefeller had better be left out of these cases. His connection therewith is a trifle remote.

We find no errors which require a reversal, and the order of the trial court is therefore affirmed.