EDWARD JANSSEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 10, 1909.

Nos. 16,463—(74).

**Railway Hazard — Question for Jury.**

Tay v. Willmar & S. F. Ry. Co., 100 Minn. 131, and Christiansen v. Chicago, M. & St. P. Ry. Co., 107 Minn. 341, holding that the question whether plaintiffs therein were exposed to a hazard incident to the operation of a railroad was, on the evidence presented, a question of fact for the jury, followed and applied.

**Same — Order to Expedite Work.**

The order and direction by the foreman in charge for expeditious work, and the fact that the order is complied with and the work performed with unusual haste, create a hazard incident to the operation of railroads, within the fellow servant statute and not the necessity in fact for such haste.

Action in the district court for Kandiyohi county to recover $10,-000 for personal injuries received while in the employ of defendant. In its answer defendant admitted the allegation of employment, but denied the other allegations. The facts are stated in the second paragraph of the opinion. The case was tried before Qvale, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*N. L. Ericson* and *Daly & Barnard,* for appellant.

*W. R. Begg* and *C. H. Winsor,* for respondent.

BROWN, J.

Action to recover for personal injuries alleged to have been occasioned by the negligence of defendant, in which a verdict was directed for defendant at the conclusion of the trial, and plaintiff appealed from an order denying a new trial.

The facts are short: Plaintiff, a servant in the employ of defendant, was engaged in unloading iron rails from flat cars, and by reason

[1]Reported in 123 N. W. 664.

of the negligence of a fellow workman he was thrown from the car and injured. It appears that two or more cars, at the railroad yards near St. Cloud, had been overloaded with scrap iron, including iron rails, and the foreman under whom plaintiff worked directed another coservant of plaintiff to take two men and proceed to the cars and remove part of the load. This servant directed plaintiff and his brother, whose negligence it is claimed caused the accident, to go with him and perform this service. In compliance with this direction, plaintiff and his brother proceeded with the servant given control of this work to one of the cars and commenced to remove some of the rails. To do this plaintiff would take hold at one, and the brother at the other, end of the rail, and at a signal of the servant in charge of the work throw it from the car upon skids, upon which it would slide to the ground. At the time of the accident, a rail had been raised in the manner stated, but before receiving the proper signal the brother threw his end thereof upon the skids, thus in some manner jerking or throwing plaintiff to the ground and inflicting the injury complained of.

The theory of the trial court in directing a verdict for defendant was that the accident was not the result of a railroad hazard, and that the fellow servant statute did not apply. We are of opinion that the case is controlled by Tay v. Willmar & Sioux Falls Ry. Co., 100 Minn. 131, 110 N. W. 433, and Christiansen v. Chicago, M. & St. P. Ry. Co., 107 Minn. 341, 120 N. W. 300, particularly the latter, the decision of which was handed down after the trial of this cause in the court below.

Under the doctrine of those cases, following previous decisions to the same effect, the element of haste with which the work was being done, if an essential element in causing the accident, brought the case within the purpose of the statute, and the questions presented by the evidence should have been submitted to the jury. It appears from the record that the foreman in charge of this work directed plaintiff and his coservants to proceed with this work and "hurry up," for a train was waiting to take the cars out; and both plaintiff and his brother testified that they were, when the accident happened, performing the work hastily in compliance with directions. In respect to the order to

hasten the work, and the fact that it was being performed in a hurry, the case is almost identical with the Christiansen case, save that there the parties were repairing a track, and the necessity for haste was to prepare the road for an expected train. But it appeared that the train could have passed the place without difficulty. In the Tay case, the employees were repairing a side track, and it was only problematical that a train soon to arrive would have occasion to use it. In this case a train was waiting to take the cars out, and the purpose of haste was undoubtedly not to delay its movements any longer than possible. Counsel say that no "train" was waiting for these cars, but instead a switch engine. We do not see that this materially changes the situation.

Under the rule of the cases referred to, the order for expeditious work by the foreman in charge, and the fact that it is done in unusual haste, create a hazard incident to the operation of railroads, and not the necessity therefor in fact. There was in fact no necessity for haste in either the Tay or Christiansen case, yet the foreman hurried the men on the theory of necessity, and the statute was held to apply. The cases cannot be distinguished from that at bar. See also Hanson v. Northern Pacific Ry. Co., 108 Minn. 94, 121 N. W. 607.

It is also urged that the element of haste did not enter into the cause of plaintiff's injury. While the brother testified that he threw his end of the rail because it was "too heavy" and he could not longer hold to it, he also testified that they hurried with the work in compliance with the orders given them. It was for the jury to say whether the work was being done with unusual haste, and, if so, whether that fact was an essential element in bringing on the accident.

Order reversed.