## ROBERT BARTELS v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

June 21, 1912.

Nos. 17,318—(27).

**Error to direct judgment notwithstanding the verdict.**

*Held,* in this a personal injury action, that the defendant's negligence, the contributory negligence of the plaintiff, and whether he assumed the risks were, under the evidence, questions of fact, and that the trial court erred in directing judgment for the defendant notwithstanding the verdict.

Action in the district court for Waseca county to recover $1,900 for personal injuries. The substance of the pleadings is given in the opinion. The case was tried before Buckham, J., and a jury which returned a verdict in favor of plaintiff for $50. Defendant's motion for judgment notwithstanding the verdict was granted. From a judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed and cause remanded with direction to enter judgment upon the verdict for plaintiff.

*Moonan & Moonan,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

START, C. J.

On March 25, 1910, and for some three months prior thereto, the plaintiff was employed in the roundhouse of the defendant at Waseca, Minnesota. It was one of his duties to start fires in engines which were about to be taken out of the roundhouse for road use. It was necessary for him, in the discharge of this duty, to shovel coal from the coalbin of the tender into the firebox of the engine. On the morning of the day he was injured, between four and five o'clock, while he was firing engine No. 547 and shoveling coal into the engine, a large piece of coal fell from the top of the pile in the bin and

[1] Reported in 136 N. W. 760.

struck him on the head, whereby he was to some extent, at least, injured.

He brought this action in the district court of the county of Waseca to recover damages on account of his injuries so sustained, on the ground that they were caused by the defendant's alleged negligence. The allegations of the complaint as to the specific acts of negligence were to the effect that the coal in the bin was so carelessly loaded therein that it extended above the coal gate, which was intended to prevent the coal from falling, and, further, that the gate itself was an improper one by reason of its insufficiency in size to prevent the coal from falling. The answer denied the alleged negligence of the defendant, and alleged that any injuries sustained by the plaintiff were caused by his own negligence and that of his coemployees, and by the risks and dangers of his employment which he assumed. The reply put in issue the affirmative allegations of the answer.

On the trial of the cause, and at the close of the evidence, the defendant made a motion for a directed verdict in these words:

"At this point the defendant moves the court to instruct a verdict for the defendant, on the ground that the evidence is not sufficient to sustain a verdict for the plaintiff."

This was denied, and defendant excepted to the ruling. The jury returned a general verdict for the plaintiff for $50, and answered a special interrogatory submitted by the court as follows:

"Was the engine in question, No. 547, equipped with a proper coal gate at the time when the plaintiff met with the injury for which he seeks to recover in this action?" "Yes; if properly loaded."

Thereupon the defendant, upon a settled case and all the records in the case, moved the court for judgment in its favor notwithstanding the verdict. There was no alternative motion for a new trial. The court made its order granting the motion, and directed judgment in favor of the defendant, which was entered, and from it the plaintiff appealed.

His first contention is that there was no basis for a motion for

judgment notwithstanding the verdict, because the specific grounds upon which the motion for a directed verdict was based were not stated therein, or, in other words, that the general ground that the evidence is not sufficient to sustain a verdict for the plaintiff was too general.

Where a case involves several distinct issues of fact, a motion for a directed verdict on the ground that the evidence is not sufficient to sustain a verdict ought, in fairness to the court and opposing counsel, to state specifically the grounds relied on.

The brief of defendant's counsel cites in support of the sufficiency of the motion for an instructed verdict the case of Netzer v. City of Crookston, 66 Minn. 355, 68 N. W. 1099. The case is not in point, for the record in that case shows that the request for an instructed verdict specifically stated the ground therefor, namely, that the evidence fails to show any negligence on the part of the defendant. We are, however, of the opinion that the issues in this particular case and the evidence relevant thereto were such that the record furnishes no fair basis for any claim that either the trial court or the opposing counsel were misled and that the motion for a directed verdict was a sufficient basis for the subsequent motion for judgment. The correctness, then, of the order directing judgment notwithstanding the verdict, must be determined on its merits.

The trial court did not in any manner indicate the grounds upon which judgment for the defendant was ordered; hence we are confronted with the general question whether the undisputed evidence established, as a matter of law, one or more of the defenses presented by the answer.

The evidence is practically conclusive, as found by the jury, that the engine in question was equipped with a proper coal gate. It follows that the allegations of negligence as to the coal gate must be eliminated, which leaves only the alleged negligence in loading the coal in the tender by filling the tender above the gate as a basis for recovery. There was evidence tending to show that the loading or piling of the coal, as it was done, was not a necessary and unavoidable incident to the work in question, but that it was negligently

done, in that the coal was piled nearly perpendicularly above the gate some four feet, which was an unusual and dangerous manner of loading the coal. The evidence also tended to show that the usual and proper way of loading the coal was to have the highest point of the coal back in the center of the tender and to pile no coal over the gate; that the purpose of the gate is to protect the fireman from falling coal, and that it does protect him when the coal is properly loaded, as the method of getting the coal out is to shovel it from under the gate. The evidence made the question of the improper loading of the coal one of fact for the jury, and is sufficient to sustain their finding on the question.

The defendant in this connection contends that, even if the coal was negligently loaded, it was the negligence of a coemployee, for which it is not responsible. The evidence shows that the engine was negligently loaded with coal by one of the crew of the roundhouse, George McCall, the evening before the plaintiff was injured, and placed in a stall in the roundhouse, where it remained until the plaintiff, as directed by a notice on a bulletin board, commenced the next morning to fire it; that he had nothing to do with the loading, or notice that the engine was not loaded in the usual and proper way, and that the coaling of engines was no part of his work, his duty being to fire them after they were loaded and placed in the roundhouse.

The plaintiff claims in this connection in effect that on the loaded engine in the roundhouse was the place where he was required to work, and that it was the absolute duty of the defendant to use due care to render the place a safe one. We infer from the charge of the learned trial judge that such was his view, as the jury were instructed that it was the duty of the defendant to use reasonable care to provide plaintiff a safe place in which to work. We find it unnecessary to decide whether the instruction was, in view of the evidence, applicable to this case; for, if it was, the case was properly submitted to the jury, but if it was error the remedy would be a motion for a new trial, and not one for judgment absolute in defendant's favor.

Again, the evidence made the question whether the plaintiff's employment involved an element of hazard peculiar to railroad business one of fact, and if such were the case the defendant would be liable for the negligence of McCall. Tay v. Willmar & Sioux Falls Ry. Co. 100 Minn. 131, 110 N. W. 433, Christiansen v. Chicago, M. & St. P. Ry. Co. 107 Minn. 341, 120 N. W. 300; Janssen v. Great Northern Ry. Co. 109 Minn. 285, 123 N. W. 664. This question was not submitted to the jury for the reason, evidently, that it was wholly unnecessary in view of the instruction given; but this omission does not entitle the defendant to a judgment, for with this question of fact presented by the evidence the trial court could not rightly direct a verdict for the defendant on the ground that the alleged negligence was that of a fellow servant.

Whether the plaintiff was guilty of contributory negligence was, under the evidence, a question for the jury, as was the question whether he assumed the risks. The gravel pit cases are not here in point; for the evidence tends to show that the plaintiff, at the time the coal fell, was not shoveling the coal from under the gate, but in the gangway between the engine and tender. The evidence further tends to show that the plaintiff had no knowledge or notice that the tender was improperly loaded, and that the place was insufficiently lighted.

. Our conclusion, from a consideration of the whole evidence, is that the alleged negligence of the defendant, the contributory negligence of plaintiff, and whether he assumed the risks were each questions of fact, and that the defendant was not entitled to a directed verdict as to any one of them.

It follows that the judgment appealed from must be reversed, and the cause remanded, with direction to enter judgment upon the verdict for the plaintiff. So ordered.