## JOHN PYLACZINSKI v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 20, 1912.

Nos. 17,774—(116).

**Railway hazard — question for jury.**

Whether plaintiff, at the time of the accident, was engaged in work exposing him to a hazard incident to the operation of a railroad was, on the evidence in this case, a question of fact for the jury, and the verdict is not so against the weight of evidence that it was an abuse of discretion to refuse to set it aside.

**Same — case followed.**

Janssen v. Great Northern Ry. Co. 109 Minn. 285, holding the order by the foreman in charge for expeditious work, and the fact that the order is complied with, create a hazard incident to the operation of railroads, and not the necessity in fact for such haste, followed and applied.

**Questions for jury.**

Whether plaintiff was guilty of contributory negligence, and whether he assumed the risk, were questions for the jury, and the verdict is sustained by the evidence on these points.

[1] Reported in 139 N. W. 147.

**New trial.**

It was not error to deny a new trial because of affidavits tending to show that an interpreter who acted on the trial was interested in the case.

**Verdict not excessive.**

The damages were not excessive.

Action in the municipal court of Minneapolis to recover $500 for personal injuries. The complaint alleged that the work in question was necessarily done in haste in order to avoid trains that were or might be passing on the main track where the push car stood, and that the haste in doing the work was caused by the order of the foreman, and that such haste was a contributing cause to the accident, and the workmen were not then engaged in the construction of a new road. The answer alleged negligence on the part of plaintiff and that he was a man mature in years and had had long experience as a section man and in doing the work in which he was engaged when injured; that he was perfectly familiar with the method of doing the work and knew all the dangers and hazards incident thereto. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *H. C. Mackall,* for appellant.
*Norton & Norton,* for respondent.

BUNN, J.

This is an action to recover damages for personal injuries sustained by plaintiff while employed as a section hand by defendant in its yards in Minneapolis. Plaintiff had a verdict for $500, and defendant appeals to this court from an order denying its blended motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, at the time of his injury, with three other employees of defendant, was loading ties on a push car on a main track of defendant's line. The pile of ties was some distance from the car, across two intervening tracks. It was the custom for the four men, as they approached the car with a tie, to stop, wait for a signal, and then

throw the tie on the car, all the men throwing at once. After the car had been partly loaded, the men were bringing another tie, and, as they approached the car, plaintiff and one of the men were carrying one end, while the two other men had the other end. The claim of plaintiff was that the men at the other end of the tie, which was nearer the car than the end that plaintiff held, without stopping and without any signal, threw their end on the car. This caused the tie to strike the pile on the car unevenly, and to fall back, crushing plaintiff's right forefinger.

The evidence was clearly sufficient to sustain a finding that the accident was caused by negligence on the part of plaintiff's fellow servants. The chief contention here is that defendant is not liable to plaintiff, because the work in which plaintiff and the other men were engaged did not involve a railroad hazard. There was evidence tending to show that, as the four men got hold of the tie preparatory to taking it to the car, the foreman in charge of the work called to them to "Get a move on you! the passenger is coming," and that the men hurried in response to this order. The evidence was such that it was for the jury to say whether there was an order from the foreman to hurry, whether the work was being done with unusual haste, and whether this haste was an essential element in causing the accident.

Defendant contends that in addition to the order, and the unusual haste in response thereto, it is an essential element in the "rule of haste" that there be an actual necessity for haste, due to trains which are or might be approaching. This contention is directly disposed of adversely to defendant in Janssen v. Great Northern Ry. Co. 109 Minn. 285, 123 N. W. 664, where it was said by Mr. Justice Brown that "the order for expeditious work by the foreman in charge, and the fact that it is done in unusual haste, create a hazard incident to the operation of railroads, and not the necessity therefor in fact." There was no actual necessity for haste in the Janssen case, or in Tay v. Willmar & Sioux Falls Ry. Co. 100 Minn. 131, 110 N. W. 433, or in Christiansen v. Chicago, M. & St. P. Ry. Co. 107 Minn. 341, 120 N. W. 300.

In the case at bar in fact there appears to have been more reason

for haste than in the cases cited; a passenger train being due on the track in perhaps half an hour after the order was given. We must hold, under the authority of the above cases, that the evidence was sufficient at least to justify the submission to the jury of the question whether the work involved a railroad hazard, and to warrant the verdict that it did. There was evidence contradicting the essential facts of the order and the actual haste, but we are unable to say that it was an abuse of discretion not to grant a new trial, on the ground that the verdict was not sustained by the evidence.

The claim that plaintiff was on the evidence guilty of contributory negligence as a matter of law cannot be sustained, nor can the claim that he assumed the risk. These questions were for the jury, and their decision thereon is sustained by the evidence.

It is assigned as error that a new trial was not granted, because of affidavits tending to show that an interpreter, who acted in the case, was interested in the outcome. It is not clear from the affidavits that he was so interested, and clearly no prejudice to defendant was shown. The trial court did not abuse its discretion in refusing a new trial on this ground.

The damages are not so clearly excessive that we are warranted in interfering with the verdict after it has met the approval of the trial court.

Order affirmed.