LARS PEDERSON *vs.* CITY OF RUSHFORD.

July 18, 1889.

**Master and Servant—Risk Assumed.—Evidence considered, and *held* to show that an employe assumed the risk of the dangers incident to the work, such work consisting of digging and removing earth from a nearly perpendicular bank of earth.**

Appeal by plaintiff from an order of the district court for Fillmore county, refusing a new trial after trial before *Farmer*, J., and a dismissal ordered at the close of plaintiff's case.

*H. S. Bassett, Gray & Thompson*, and *G. W. Rockwell*, for appellant.

*N. P. & W. E. Colburn* and *H. R. Wells*, for respondent.

GILFILLAN, C. J. Action for injuries to the person, caused by the alleged negligence of the defendant. At the close of plaintiff's case the court below, on the motion of the defendant, dismissed the action. As the decision of the court must be sustained on another ground, it may be conceded, without determining, that the overseer of highways who set plaintiff to do the work at which he was injured was in that matter the officer and agent of the city, and that setting plaintiff to work under the circumstances was an act for the consequences of which defendant would be liable, unless plaintiff assumed the risks from which he was injured. That he did assume those risks the evidence shows beyond any question. He was, and for a few days before he was injured had been, at work with others, under the overseer of highways, as a laborer in digging earth from a bank of earth, and loading it upon wagons to be deposited upon the roads or streets for the purpose of filling and grading. The bank from which they were digging the earth had been dug away so that the side or face from which they were digging was nearly perpendicular, from 30 to 35 feet high, and 50 or 55 feet long. It was composed of different kinds of material,—at the bottom hard clay to a height of 8 or 10 feet; above that, clay and sand and large rocks or stones, mixed; and above that common soil. In digging the earth, instead

of working from the top downwards, they, as the plaintiff described their way of working, commenced at the bottom, and excavated or "mined" under, so that when sufficient of the clay or hard material at the bottom was removed, the material above would fall of its own weight. It was while they were thus at work, excavating or "mining" under, that the material above them came down and injured plaintiff. That work of that kind done in that way is dangerous must be apparent to the commonest intelligence. No skill or science is required to inform one that material such as composed the upper part of this bank,—clay, sand, and rocks or stones intermixed, and common earth, will, the substratum being taken away, come to the bottom, and that any one in the way of it when it comes down will probably be injured. A master is not bound to provide safe employment for his servant, nor to do his work in a safe way, provided the servant, when he enters upon the work, knows the risks and dangers incident to that kind of work and that way of doing it. When he knows the dangers, he takes upon himself the risks by accepting the employment. And where the dangers are not concealed, but are open to the senses, he is, ordinarily, bound to know them. Such was the position of this plaintiff. He must be presumed to have had the knowledge which common observation forces on the most ordinary intellect, and to have known the effect and operation of the law of gravitation, and of undermining a bank of earth like this one. The case is not distinguishable from *Olson* v. *McMullen*, 34 Minn. 94, (24 N. W. Rep. 318.)

Order affirmed.