MATHIAS KOSLOWSKI, Administrator, v. P. A. THAYER and Another.[1]

November 6, 1896.

Nos. 10,046—(24).

**Master and Servant—Negligence—Death—Proximate Cause.**

*Held,* that there was no evidence furnishing a reasonable basis for the conclusion that the negligence of the defendants was the proximate cause of the death of plaintiff's intestate.

Appeal by plaintiff, administrator of the estate of Lee Koslowski, deceased, from a judgment of the district court for Benton county, in favor of defendants, entered in pursuance of the order of Searle, J. Affirmed.

*J. D. Sullivan* and *M. D. Taylor,* for appellant.

*Geo. H. Reynolds,* for respondents.

MITCHELL, J.[2]    This was an action to recover damages for the death of plaintiff's intestate, caused by the alleged negligence of the defendants.    At the time he was killed the deceased was working in defendants' sawmill as "feeder" of a lath machine.    The negligence charged is that the defendants failed to provide a proper "dust board" in front of the saws, for the purpose of preventing missiles from flying back from the saws and striking the person engaged in feeding the machine.    The particular in which it is claimed that the dust board was defective is that the lower end was allowed to swing loose, instead of being securely spiked and fastened.    The theory of the plaintiff is, in substance, that a piece of lath flying back from the saws struck the dust board, causing it to swing back, and then passed on and struck the deceased.

When the evidence closed the defendants moved the court to direct a verdict in their favor, which the court refused, but submitted the case to the jury.    After a verdict in plaintiff's favor the defendants moved for judgment notwithstanding the verdict, which the court granted.    From this judgment the plaintiff appealed.

After careful examination we are unable to discover any evidence

1 Reported in 68 N. W. 973.                    2 Canty, J., took no part.

that would have justified the jury in finding that the death of the deceased was caused by the negligence of the defendants. Whether or not proper care would have required the defendants to fasten the lower end of the dust board was, under the evidence, probably a question for the jury. The evidence was also ample to justify them in finding that the death of the deceased was caused by his being struck by some missile. But these facts alone would not entitle plaintiff to recover. The burden was on him to prove (1) that the defendants were negligent in leaving the dust board swinging loose; (2) that the defective condition of the swing board in that respect was the cause of the injury to the deceased. On this last point there is a total lack of evidence.

The accident might possibly have resulted from the cause and in the way claimed, although the evidence tends very strongly to prove that this was a physical impossibility. But it might have happened in any one of a variety of other ways that might be suggested, and which had no relation to the swinging condition of the dust board. The questions, as to just how the accident occurred and what was the proximate cause of it, were left wholly in the domain of speculation. As already suggested, the burden was on the plaintiff, and not on the defendants, to prove the proximate cause of the injury. While he was not required to prove this by direct evidence, yet he was bound to produce evidence furnishing a reasonable basis for the conclusion that the defective condition of the dust board was the proximate cause of the injury. No verdict can rest on mere conjecture.

Judgment affirmed.