JACOB SWANSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 10, 1897.

Nos. 10,292—(67).

**Injury to Employe—Assumption of Risk—Pleading.**

The rule that a servant, while performing his duties, is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly, applied to the allegations of a complaint in a personal injury action.

**Same—Demurrer.**

*Held*, that a general demurrer to said complaint should have been sustained.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., overruling a demurrer to the complaint. Reversed.

[1] Reported in 70 N. W. 978.

*W. E. Dodge* and *B. D. Townsend,* for appellant.

Cited Olson v. McMullen, 34 Minn. 94; Pederson v. Rushford, 41 Minn. 289, and Wood, Mast. & Serv. 743.

*Mosness & Fosseen,* and *H. H. Hammer,* for respondent.

The plaintiff was ordered out of the work for which he was employed and put to work at an employment entirely new to him, with which he was entirely unacquainted, not by "mining under" at the bottom of the pit, but by shoveling earth up in the slope to fall below him, where it might to all appearances be reasonably safe. The accident did not happen by reason of his shovelling in the slope, but by reason of the lateral support of earth and gravel giving way at the bottom, and it certainly does not appear either that he knew, or that by ordinary observation he should have known, that the slope was unsafe. The following cases state the law applicable to the case at bar. Bennett v. Syndicate, 39 Minn. 254; Cook v. St. Paul, 34 Minn. 45; Russell v. Minneapolis, 32 Minn. 230; Pantzar v. Tilly, 99 N. Y. 368; Miller v. Union, 12 Fed. 600.

COLLINS, J.[2]  The complaint herein alleges the employment of plaintiff by defendant company as a section hand, and that he was ordered from this class of work to a large gravel pit, there to help in loading gravel and earth upon cars, a steam shovel being used in connection; that this shovel was stationed close to a large hill of gravel and earth, from the side of which gravel and earth were to be taken; that he was ordered by the roadmaster to climb up on a slope formed on the side of the hill, for the purpose of loosening the earth and gravel in order that sufficient quantities might fall from time to time to feed the shovel; that this was an unsafe and dangerous place in which to work; and that defendant's roadmaster was negligent in giving the order. It was also alleged that plaintiff was entirely unacquainted with and unaccustomed to that class of work, did not understand the unsafe condition of the hill, nor did he know that the slope itself was a dangerous place in which to work. Further allegations follow as to the giving way of the lateral support at the bottom of the slope, whereby large quantities of gravel and earth fell on plaintiff, to his injury and damage. The court below overruled a general demurrer to this complaint.

[2] Buck, J., absent.

From the allegations in such pleading, it appears that plaintiff was put at work at a large hill, from which defendant was removing gravel; that he was ordered upon the slope of this hill to assist other workmen in loosening the material, that it might, following the laws of gravitation, fall down to the bottom of the pit, there to be loaded upon cars by the steam shovel. The place was made dangerous, and its character was continually changing, by reason of the work in which plaintiff and others were engaged. The progress of the work necessarily changed the character of the place and enhanced the danger, and under such conditions it has never been held that it is the absolute duty of the master to furnish the servant a safe place in which to work. And it is the universal rule that, in performing the duties of his place, a servant is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly. Failing to do so, he takes the consequences. He cannot charge such consequences upon the master, when he can see that which is open and apparent to a person of ordinary intelligence. This rule has been referred to and applied in this court on several occasions. Walsh v. St. Paul, 27 Minn. 367, 8 N. W. 145; Olson v. McMullen, 34 Minn. 94, 24 N. W. 318; Pederson v. Rushford, 41 Minn. 289, 42 N. W. 1063; Quick v. Minnesota, 47 Minn. 361, 50 N. W. 244.

On principle, the case, as set out in the pleading, cannot be distinguished from the facts considered in the Olson and Pederson cases. Any man of ordinary capacity would know that, as a place to work in, the slope of a gravel pit is more or less dangerous, especially when the work is to loosen the material, that the laws of gravitation may operate and precipitate such material to the bottom of the pit. The work of plaintiff and his associates was to release the gravel and earth, to cause it to break away and to slide or fall down; and they should, and undoubtedly did, realize that the sliding or falling was attended with danger to any person in the way. The only difference in the danger to be apprehended and guarded against between the falling of gravel or earth from overhead because of an excavation, and its falling or sliding because released and loosened upon the face of a slope, is merely one of degree. The complaint failed to state a cause of action, and the demurrer should have been sustained.

Order reversed.

CANTY, J. I concur. In this case the inferior servant injured knew, or should have known, as much about the dangers which he was encountering as the foreman knew, or could have been expected to know. They stood upon an equal footing. There was no substantial disparity between them. The foreman was therefore not a vice principal, but a fellow servant with plaintiff. In this respect the case is different from Carlson v. Northwestern, 63 Minn. 428, 65 N. W. 914, where a large crack had formed in the soil above the excavation, which the foreman knew, but which the inferior servant injured did not know, and was not in a position to observe. He was injured by reason of the foreman's neglect in failing to warn him. There the foreman and inferior servant were not on an equal footing, but there was such substantial disparity between them as to constitute the foreman a vice principal as respects that particular danger.