ADAM REITER v. WINONA & ST PETER RAILROAD COMPANY.

May 12, 1898.

Nos. 10,703—(44).

| 72 | 225 |
|----|-----|
| 73 | 86 |
| 73 | 87 |
| 72 | 225 |
| f80 | 241 |
| 72 | 225 |
| 83 | 388 |

Master and Servant—Injury to Servant—Dangerous Premises—Assumption of Risk—Complaint—Demurrer—Swanson v. G. N. Ry. Co., 68 Minn. 184, Followed.

> Under the rule, recently stated in Swanson v. Great Northern Ry. Co., 68 Minn. 184, that servants, while performing their duties, are bound to take notice of the operation of familiar natural laws, and to govern themselves accordingly, it is *held* that the complaint herein failed to state a cause of action.

Appeal by defendant from an order of the district court for Brown county, Webber, J., overruling a demurrer to the complaint. Reversed.

*Brown & Abbott,* for appellant.

*Jos. A. Eckstein,* for respondent.

COLLINS, J.[1]

From the complaint herein, it appears that plaintiff was a common laborer in defendant's employ, engaged with others in the loading of flat cars with a steam shovel at a gravel pit, all work being done under the direction of a foreman having full and complete charge; that it became necessary to move the shovel nearer to the gravel, whereupon the foreman ordered plaintiff to go behind it, and between it and the embankment, "which was almost a perpendicular bank of soil and gravel, about twenty feet in height," there to assist in laying a new track upon which to run the shovel; that, while plaintiff was obeying these orders, the embankment caved, and the soil and gravel fell upon plaintiff, causing the injuries upon which he bases the right of action. There are other allegations not here material, as we view the case, which comes before us on an appeal from an order overruling a general demurrer to the complaint.

It is nowhere alleged that the embankment, almost perpendicu-

[1] BUCK, J., absent, took no part.

72 M.—15

lar, and 20 feet high, caved in by reason of any other than natural causes,—the operation of the laws of gravitation. Assuming, as we must, that the plaintiff was a person of ordinary intelligence, he well knew and understood the operation of these natural laws, and therefore should have anticipated the result. The danger constantly attending him when at work was to be apprehended, and he assumed the risk. No distinction can be made between the complaint now before us and that considered in Swanson v. Great Northern Ry. Co., 68 Minn. 184, 70 N. W. 978, in which we held that a general demurrer to the complaint was well taken under the rules already laid down in this court. See the cases there cited. The demurrer should have been sustained.

Order reversed.