JOSEPH KLETSCHKA v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

June 15, 1900.

Nos. 12,130—(156).

**Personal Injury—Negligence of Defendant—Assumption of Risk.**
Action for personal injuries, in which it is *held* that the trial court correctly directed judgment for the defendant notwithstanding the verdict, for the reason that the evidence failed to establish negligence on the part of the defendant, but did show that the plaintiff assumed the risks incident to the work in which he was engaged when injured.

Action in the district court for Le Sueur county to recover $10,000 for personal injuries. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

[1] Reported in 83 N. W. 133.

*John D. O'Brien* and *M. R. Everett*, for appellant.
*Albert E. Clarke* and *H. J. Peck*, for respondent.

START, C. J.[2]

The plaintiff brought this action against the defendant to recover for personal injuries sustained by him as its servant, by reason of its negligence, while he was assisting as one of a crew of men in repairing a washout in the roadbed of the Wisconsin, Minnesota & Pacific Railroad Company, a railway then operated, as plaintiff claims, by the defendant. The defense was that the defendant was not operating the railway upon which the plaintiff was injured, and, if it were, it was not guilty of negligence in the premises, but the plaintiff was. Verdict for the plaintiff for $3,000. The defendant made an alternative motion, pursuant to Laws 1895, c. 320, for judgment notwithstanding the verdict, or for a new trial. The trial court granted the motion for judgment on the ground that the evidence failed to show any negligence on the part of the defendant, and the plaintiff appealed from the order.

We shall assume, for the purposes of this appeal, without so deciding, that the evidence was sufficient to justify a finding by the jury that the defendant was operating the railway upon which the plaintiff was injured, and that the relation of master and servant existed between the parties at the time. The result of our examination of the record is that the order of the trial court must be affirmed for the reason that, as a matter of law, it must be held that the evidence is insufficient to establish the defendant's negligence in the premises, and, further, that the defendant assumed the risks incident to the work of repair in which he was engaged. Assuming, as we must, the most favorable view of the evidence for the plaintiff, it tends to establish these facts:

The plaintiff, at the time he was injured, was thirty-seven years of age, and had been employed on the railroad in question as a trackman for over four years, during which time he had been accustomed to do section work of all kinds. On July 6, 1897, a culvert was washed out in the roadbed of the railway by a heavy rain, and three days thereafter a crew of men, of whom the plaintiff was one,

[2] LOVELY, J., took no part.

in charge of the road master, were sent to repair the washout, which was some ten feet high, fourteen feet wide at the top and six or eight feet wide at the bottom, with sloping sides. The rails were in place over the culvert with the ties hanging to them, and the men commenced to build up a crib of ties to support the track. In order to make room for ties, it was necessary to dig away the slope of the banks. The plaintiff, after so digging and carrying in ties for ten or fifteen minutes, went to the work train, about four blocks away, to get a crowbar with which to carry some heavy timbers into the culvert. He was gone some fifteen or twenty minutes, and on his return the road master called to him to hurry up, and carry in the timbers. While he was stooping over one of the timbers to lift it, with his back to the side of the culvert, about a cubic yard of earth from a pocket in the bank fell upon and injured him. The sides of the culvert were a mixture of clay, sand, and small stones, which fact was known to the plaintiff. A material change, as claimed by him and his witnesses, was made in the sides of the culvert while he was absent from the work, in that they were made perpendicular. This change, he says, he had no opportunity to notice on his return, because he was hurried into the culvert with the timber. Other than this he assigns no reason why he, an experienced trackman, failed to observe the alleged change which had taken place in the banks of the culvert while he was getting the crowbar. The road master examined the banks, and found no seams or cracks therein, and the evidence justifies the conclusion that there were none. The evidence on the part of the defendant tended to show that the plaintiff was absent from the work only a few minutes, during which time no substantial change was made in the banks of the culvert, but, as suggested, the plaintiff's version must be accepted for the purposes of this appeal.

The plaintiff claims that the mere happening of the accident is evidence of negligence on the part of defendant. Clearly it is not, for the general rule is that negligence cannot be presumed prima facie from the mere fact of an accident and resulting injury. It is only in exceptional cases that the maxim res ipsa loquitur applies and the happening of the accident is presumptive evidence of negligence. It is only when the structure, wall, or thing which causes

the injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen if due care is used, that the happening of the accident is prima facie evidence of negligence on the part of the defendant. 1 Shearman & R. Neg. §§ 57–60. The case of Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, relied upon by plaintiff, was a case of a building which fell, and the case of Mulcairns v. City, 67 Wis. 24, 29 N. W. 565, also relied upon, was one where a wall built by the city fell. The case at bar is within the general rule, for natural banks of earth may, and frequently do, fall from the operation of natural laws without negligence on the part of any one.

The plaintiff's counsel seek to distinguish this case from the cases of Pederson v. City of Rushford, 41 Minn. 289, 42 N. W. 1063; Swanson v. Great Northern Ry. Co., 68 Minn. 184, 70 N. W. 978, and Reiter v. Winona & St. P. R. Co., 72 Minn. 225, 75 N. W. 219, known as the "Gravel-Pit cases," because the plaintiff was. not himself digging and creating the excavation which caused a portion of the bank to fall. The cases are, however, in principle, alike, and cannot be distinguished. The mere fact that the plaintiff ceased to work in the culvert for a few minutes, more or less, does not distinguish his case from those referred to, for the fact remains that he had the same means of knowing the dangerous condition of the banks as the defendant had. Again, he was engaged in the work of repairing and restoring to a condition of safety the place where he was injured. In the prosecution of the work he commenced digging in the excavation made by the flood, and putting the ties in place for the crib. As an experienced section man, he must have known that, as the work of restoration progressed, the condition of the banks and the place where he was working would constantly change; and the fact that he was tempororily absent from the work, and was told to hurry on his return, did not relieve him from the duty of using his senses to note the changes in the work, which must have been perfectly patent. He assumed the risks incident to the work. There were no latent dangers of which the defendant had, or ought to have had, notice, but of which plaintiff was ignorant; hence it is difficult to see wherein the defendant was negligent.

80 M.—16

The case of Carlson v. N. W. Tel. Exch. Co., 63 Minn. 428, 65 N. W. 914, relied upon by the plaintiff, is not in point. In that case the plaintiff, without warning, was ordered from one part of the work to another, where he had not before worked, but where there was a dangerous crack in the bank, which was known to the foreman in charge of the work, and unknown to the plaintiff.

Order affirmed.