FRANK KOHOUT v. LEWIS B. NEWMAN and Another.[1]

October 20, 1905.

Nos. 14,546—(116).

**Negligence.**

In this, a personal injury action, it is *held* that the evidence was suffi-
cient to take the case to the jury on the question of the defendants' al-
leged negligence.

Action in the district court for Ramsey county to recover $7,250 for
personal injuries. The case was tried before Brill, J., who directed a
verdict in favor of defendants. From an order denying a motion for
a new trial, plaintiff appealed. Reversed.

*O. E. Holman,* for appellant.

*Morton Barrows,* for respondents.

START, C. J.

Action for the recovery of damages for personal injuries sustained
by the plaintiff, which were caused, as he claims, by the negligence of
the defendants. At the close of the evidence the trial court directed
a verdict for the defendants, and the plaintiff appealed from an order
denying his motion for a new trial.

A consideration of the appeal is simplified by the fact that there is
no material conflict in the evidence and no claim that the plaintiff
assumed the risk or that he was guilty of negligence contributing to
his injury. The record, then, presents the cleancut question whether
the evidence was sufficient to justify the jury in finding that the plain-
tiff's injuries were the result of the defendants' alleged negligence.

The evidence, in connection with the admissions in the answer, is
sufficient to establish these evidentiary facts: On November 19, 1904,
the defendants, as contractors, were engaged in excavating for the
foundation of a large building at the corner of Second and Jackson
streets in the city of St. Paul. The work to be done included the ex-
cavation of a bank of blue clay some twenty feet high, which was so
hard it could not be loosened by pick and shovel, except in small

[1] Reported in 104 N. W. 764.

pieces no larger than a man's hand; for it was in its natural state as firm as rock. The plaintiff was a common laborer, and employed as such by the defendants. During the forenoon of the day named he was engaged, with others, on the bottom level of the excavation, and at the foot of the bank, in loading into wagons pieces of the bank which the men on top of it, with picks and shovels, threw down to the bottom level. At such noon hour, and in the absence of the plaintiff, the defendants caused a portion of the bank to be blasted for the necessary and proper purpose of loosening the clay, so that it could be removed. The result of the blast was to shatter, crack, and loosen a portion of the bank. The plaintiff returned and resumed his work in the afternoon, but he did not know that the bank had been blasted, or that its condition had been changed, or that it was then shattered, cracked, and loosened; nor was he, at any time before the accident, advised of the change made by the defendants in the natural condition of the bank. At about 4:30 o'clock in the afternoon of the same day, and while the plaintiff, with others, was at work at the foot of the bank, and other employees of the defendants were at work on the top of the bank, substantially in the same manner as the work was carried on during the forenoon, a considerable portion of the bank, which had been so cracked and loosened by the blasting, fell upon the plaintiff, whereby he was seriously injured. Some of the pieces of the bank which so fell and injured the plaintiff were so large that two men could not lift them into the wagon.

It is quite obvious that the jury might have fairly inferred from these evidentiary facts the ultimate facts that the acts of the defendants in blasting the bank in the absence of the plaintiff rendered the place where he was required to work unsafe and materially increased his peril, that it was their duty to advise him of the change in the natural condition of the bank, and that it was negligence on their part not to do so. It is immaterial whether or not they inspected the bank after the blast, if in the exercise of ordinary care they might have learned that the bank had by the blast been made an unsafe place for the plaintiff to work without being warned of its changed condition. The fact, however, that the evidence was sufficient to sustain a finding that the defendants were negligent in the premises would not require the submission of the case to the jury, unless there was also

evidence which would sustain a finding that the defendants' negligence was the proximate cause of plaintiff's injury. It is the contention of the defendants, and such was the view of the trial court, that there was no evidence to show that the bank fell because of the blasting.

It is true that there was no direct evidence showing just how and why the bank fell; but it was established by the admissions in the answer and the evidence that a portion of the hard and firm bank, which had been shattered, cracked, and loosened by the blast, fell some hours afterwards upon the plaintiff and injured him. Whether from these facts the further ultimate fact that the bank fell because it had been shattered and loosened by the blast might be fairly inferred was a question for the jury. Hill v. Winston, 73 Minn. 80, 75 N. W. 1030.

In the case cited it is stated in the opinion that the part of the bank which fell upon the plaintiff "had been loosened or dislodged by the blasting and from no other cause." This statement does not distinguish that case from the one here under consideration. The court in that case did not intimate, much less decide, that it was necessary, in order to show the negligence of the defendant, to negative every other cause for the fall of the bank except the fact that it had been loosened by blasting. Any such ruling would be clearly unsound, for it is sufficient if the evidence furnishes a reasonable basis for satisfying the minds of the jury that the act complained of was the proximate and operative cause of the plaintiff's injury. Orth v. St. Paul, M. & M. Ry. Co., 47 Minn. 384, 50 N. W. 363; Olson v. Great Northern Ry. Co., 68 Minn. 155, 159, 71 N. W. 5; Steindorff v. St. Paul Gaslight Co., 92 Minn. 496, 100 N. W. 221.

It is suggested by the defendants' counsel that the part of the bank which had been loosened by the blast was dislodged by some one or more of the men working on the top or shelf of the bank; but the evidence indicates that it would have been impossible for them to have done so if the bank had not been first cracked and loosened by the blast. Again, the evidence does not justify the conclusion that any of the men on top of the bank were guilty of any negligence which caused the plaintiff's injury; for there is no evidence that they were not doing in a proper way just what the defendants placed them there to do. Negligence will not be presumed, in the absence of any evidence tending to establish it. If, however, it were shown that the negligence of

the plaintiff's fellow servants concurred with that of the defendants, it would not be a defense to this action. Franklin v. Winona & St. P. R. Co., 37 Minn. 409, 34 N. W. 898. We hold that the evidence was sufficient to require the submission of the case to the jury.

Order reversed and new trial granted.