## J. B. HOOVER v. NICHOLS-CHISHOLM LUMBER COMPANY.[1]

May 21, 1909.

Nos. 16,043—(75).

**Failure of Proof.**
>    In an action to recover damages for personal injuries, *held*, that the plaintiff failed to prove that the defective condition of a certain tool with which he was working was the proximate cause of the injury.

Action in the district court for Becker county to recover $10,000 for personal injuries. The facts are stated in the opinion. The case was tried before Taylor, J., and a jury which returned a verdict in favor of plaintiff for $1,030. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*Davis & Hollister* and *J. A. P. Neal,* for appellant.
*M. J. Daly,* for respondent.

ELLIOTT, J.

The respondent, J. B. Hoover, was injured while in the employ of the Nichols-Chisholm Lumber Company, and in an action for damages recovered a verdict for $1,030. The defendant moved for judgment notwithstanding the verdict, and this motion was denied. The appeal is from the judgment.

[1] Reported in 121 N. W. 416.

The appellant was engaged in lumbering operations, and at the time of the accident was transporting logs by rail and putting them into the river for driving down to its mill at Frazee. It appears from the respondent's evidence that for the purpose of unloading logs from a car he was furnished with a cant hook, which he used for some time prior to July 28, 1907. At that time it broke, and, there being no other such implements available, he was directed by the foreman to go to a blacksmith shop which was maintained by the appellant upon the premises, and change a peavey so as to make it resemble and do the work of a cant hook. In order to do this, it was necessary to cut off a piece of iron which projected from the end of the peavey and substitute a smaller piece of iron, so bent forward as to take a grip on the log. Respondent went to the blacksmith shop, and, after cutting the piece of iron from the end of the peavey, placed the piece of iron in the forge to heat. After it became heated, he took it out with a pair of tongs which he found in the shop, and which was designed for such purposes, placed it upon the anvil, and, while holding it with the tongs, struck the iron with a hammer for the purpose of bending it into shape. When the blow was struck the piece of iron was knocked out of the grasp of the tongs, and flew upward and backward, and struck the respondent in the eye. The negligence alleged consisted in furnishing the respondent with a pair of tongs which, through use, had become so irregular in shape and form as to be defective and unsafe for use.

The evidence relating to the defective character of the tongs is far from satisfactory, as it consists entirely of the statement of the respondent of what he observed immediately after the accident, while he was holding the tongs in one hand, and before anything had been done to relieve the pain which must have resulted from the blow in the eye. It is difficult to attach great importance to the result of observations made with the aid of but one eye, while the substance of the other eye is running out as the result of a blow from a red-hot iron. The tongs were not produced at the trial, and no one examined them before the accident. But, assuming that there was sufficient evidence on this issue to go to the jury, there was an entire failure to prove that the defective tongs were the proximate cause of the injury. It is conceded that the anvil and

hammer were in good condition, and there was nothing unusual in the form of the piece of iron which was being used. If the iron had been placed properly on the anvil, and properly struck with the hammer, it could not possibly have been thrown backward into the respondent's face, even though it slipped from the clutch of the tongs.

We cannot close our eyes to physical facts of this character. A much more reasonable inference is that the respondent placed the end of the iron over the edge of the anvil, and struck it between the anvil and the tongs, thus causing it to fly backward and upward toward his face, instead of falling forward, or to one side, as it naturally would have fallen, had it been on the anvil and properly struck. This, of course, is conjecture. It is not a case of conflicting evidence. Even if the tongs were defective, the plaintiff failed to show that such defect was the proximate cause of the injury which he suffered. Koslowski v. Thayer, 66 Minn. 150, 68 N. W. 973.

The judgment is therefore reversed, with directions to enter judgment for the defendant.

Reversed.