# THOMAS LEE v. H. N. LEIGHTON COMPANY.[1]

February 3, 1911.

Nos. 16,901—(235).

**Material designated for construction of scaffold — duty of master.**

When a master sets apart and designates specific material for scaffold building, he is required to exercise due care in seeing that it is free from defects; and the workmen who construct a scaffold from such materials are justified in assuming that the material is reasonably suitable for the purpose.

**Contributory negligence — general denial.**

Hill v. Minneapolis St. Ry. Co., 112 Minn. 503, 128 N. W. 831, holding that the contributory negligence of plaintiff is not put in issue by a general denial, distinguished.

Action in the district court for Hennepin county to recover $5,152 for personal injuries. The facts are stated in the opinion. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $725. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Wilson, Mercer, Swan, Ware & Stinchfield,* for appellant.

*James A. Peterson* and *Paul J. Thompson,* for respondent.

1Reported in 129 N. W. 767.

LEWIS, J.

Respondent was engaged in shingling the porch of a house, and was standing on a plank, when it parted in the middle and let him fall, about ten feet, to the ground. The plank had been spliced with glue and screws, and parted on account of insufficient fastening. This action was brought to recover damages, based upon the charge that the master was negligent in furnishing improper instrumentalities—that is, a defective plank—with which to construct the scaffold. The defense was a general denial, that appellant had furnished plenty of suitable material for the construction of scaffolding, and that if respondent, or his fellow servants, selected a defective plank, which caused his fall, it was the result of their own negligence, and not that of the master. The court submitted the question to the jury, to determine whether, under the circumstances, the material furnished was the providing of instrumentalities such as the master was required to furnish, and whether, in this instance, appellant exercised due care in its selection. The court also submitted to the jury the question whether the respondent might have, by the exercise of proper care, discovered that the plank was spliced and was unsuitable. The jury found a verdict for respondent, and in our judgment no substantial errors were committed in the rulings of the court at the trial, nor in the charge.

We do not consider the evidence clear that there was a general supply of other material on the ground, from which respondent might have made a better selection. There was evidence to the effect that there were two of these treacherous planks, both spliced in the same manner; the splicing being neatly done and concealed with paint, so that ordinary observation would not discover it. As we understand respondent's testimony, he did not discover it before the accident. No other planks were furnished to stand on, although there was some old material on the ground that had been taken out of the house; but none of that material had been designated or set aside for scaffold purposes. There is no doubt but that appellant intended that the materials which contained this plank were to be used for scaffolds, and the burden was on him to prove that he was free from negli-

gence in permitting so defective an instrumentality to be used for such purposes.

This case is clearly different from those where the workmen were required to select material from a mass. In that class of cases the judgment is called into action; here it was not. When the workmen are required to make their own selection, they do so at their peril; but, when the master performs that duty for them, they have a right to assume that he has acted with due care. The principle is the same as when the master furnishes a scaffold complete and invites his workmen to go upon it. Here the duties were divided. The master selected and set apart the material for the scaffold, and the workmen were required to construct it. If it had fallen by reason of improper construction, the master would not have been liable. The cause of the fall was defective material; hence the master is liable. Farrell v. Eastern, 77 Conn. 484, 59 Atl. 611, 68 L.R.A. 239, 107 Am. St. 45, Donahue v. Buck, 197 Mass. 550, 83 N. E. 1090, 18 L.R.A.(N.S.) 476, and Hoveland v. National Blower Works, 134 Wis. 342, 114 N. W. 795, 14 L.R.A.(N.S.) 1254, fairly illustrate the rule.

While a witness for defendant was under examination, he was asked this question: "Would you consider it [the plank] safe for a man to work on?" The question was objected to on the ground that it was incompetent, irrelevant, and immaterial. "The Court: Do you allege contributory negligence? Counsel: No; our answer is general denial. The Court: Objection sustained." Appellant insists that this line of questioning should have been permitted, for the reason that the question of respondent's contributory negligence was put in issue by the general denial. This question was recently discussed and decided in Hill v. Minneapolis Street Ry. Co., 112 Minn. 503, 128 N. W. 831, contrary to the views of appellant.[1]

We have examined the other assignments of error, and find nothing requiring especial attention.

Affirmed.

JAGGARD, J., took no part.

[1] See opinion on page 376, infra.

On February 7, 1911, the following opinion was filed:

PER CURIAM.

Since filing the opinion in this case our attention has been called to an oversight which requires correction. In the closing part of the opinion we referred to the case of Hill v. Minneapolis Street Ry. Co., 112 Minn. 503, 128 N. W. 831, as controlling the twelfth assignment of error. Upon re-examination of the case, the complaint discloses that it was alleged that the plaintiff was without fault or negligence. With this allegation in the complaint, the general denial put the question of contributory negligence of plaintiff in issue, and the Hill case is not applicable. This makes it necessary to notice the assignments referred to.

Although the trial court gave as a reason for its ruling that the answer did not allege the contributory negligence of plaintiff, we discover no error in the ruling, for two reasons: (1) Because the witness had already practically answered the same question; and (2) because the exclusion of evidence not obviously material is not a ground for a new trial. Dunnell, Minn. Dig. § 9717.