# MATHEW J. REID v. NORTHWESTERN FUEL COMPANY.[1]

November 17, 1911.

Nos. 17,364—(137).

**Vice principal.**

The order of a foreman to an experienced servant under his control to perform an act, which is merely incidental to and a detail of the servant's employment, and not known to the foreman to be attended with hidden danger, is, though coupled with an assurance of safety, the direction of a superior servant, and not that of a vice principal.

**Verdict not sustained by evidence.**

Evidence *held* not sufficient to justify a verdict in plaintiff's favor.

Action in the district court for St. Louis county to recover $15,000 for personal injuries. The answer alleged that plaintiff, who was in its employ as a carpenter, while attempting to climb upon a certain scaffold, used in the construction of a vertical bulkhead, took hold of a plank which was resting with one end on plank sheeting on the wall between the pump room and the bulkhead, and with the other end upon a bracket; that, in his efforts to climb upon the scaffold, he pulled the plank from its resting place on the sheeting, and in doing so fell backward, taking the plank with him, the fall resulting in

[1] Reported in 133 N. W. 161.

---

[Note]   Assurance of safety to servant by master or coservant, see note in 48 L.R.A. 542.

For vice principalship as determined with reference to the character of the act causing the injury, see note in 54 L.R.A. 37.

Duty of master to furnish safe appliances as affected by fact that defective appliances are prepared by fellow servants, see note in 4 L.R.A. (N.S.) 220.

breaking his left leg below the knee; that he knew or should have known, in the exercise of ordinary care, that the plank was not fastened in any way; that the danger of using the plank as he attempted to do was open and apparent, and that his injury was caused through his own negligence. The reply was a general denial.

The case was tried before Ensign, J., who, at the close of the testimony, denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $1,560. The court also denied defendant's motion for judgment notwithstanding the verdict. From the judgment entered pursuant to the verdict, defendant appealed. Reversed and judgment for defendant notwithstanding the verdict ordered.

*Theo. Hollister* and *J. A. P. Neal,* for appellant.

*Samuel A. Anderson* and *Warner E. Whipple,* for respondent.

BROWN, J.

Action for personal injuries alleged to have been received by plaintiff by reason of the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.[1]

Plaintiff was in the employ of defendant as a carpenter, and engaged with other servants in constructing for defendant a large frame bulkhead in its coal yards at Superior, Wisconsin. The work consisted in the removal of an old bulkhead, and the construction of a new one in its place. The face of the structure was supported by large upright posts thirty feet high and twelve inches square, and these were held in position by necessary braces attached thereto. There were several crews of men engaged in different parts of the work, all under the general supervision of a foreman named Erickson.

On the day of the accident complained of, the crew of which plaintiff was a member was engaged in raising and properly bracing the upright posts. One of the posts had been raised, and was located about eight feet from the old structure. About nine feet from the floor a stick of timber had been nailed to this post, and extended across and rested upon the old bulkhead, and constituted a support for a staging. A fellow workman of plaintiff, for temporary purposes and conven-

[1] See opinion on page 100, infra.

116 M.—7.

ience in doing the work, placed a large two-inch plank upon this support, extending the other end diagonally across the space between the old and new structures, into an opening of the frame-work of the old, and upon a safe support. The purpose of this was to provide those at the work a place upon which to stand while assisting in joining the braces to the upright post. The evidence does not show that plaintiff assisted in putting up this plank; but it conclusively appears, and without dispute, that it was placed there for the purposes stated by his fellow workmen, and at a time when plaintiff was in the immediate vicinity.

The plank was not nailed or otherwise securely held in position. Plaintiff attempted to climb up the side of the old bulkhead, for the purpose of getting upon the plank and assisting in the work of joining a brace to the upright, and in doing so caught hold of the plank, and in an effort to pull himself up drew the plank out of position and off from its resting place, and fell to the ground, a distance of about nine feet, taking the plank with him. The plank struck and broke his leg below the knee.

It is well settled in this state and elsewhere that it is not the personal duty of an employer to supervise the construction of scaffolds, or the adjustment of planks upon stagings; his full duty being performed when he furnishes suitable and sufficient material therefor. The matter of construction and arrangement is an incident of the work, and rests upon the servant (Rihmann v. George J. Grant Construction Co. 114 Minn. 484, 131 N. W. 478; Jennings v. Iron Bay Co. 47 Minn. 111, 49 N. W. 685; Gittens v. William Porten Co. 90 Minn. 512, 97 N. W. 378), except, of course, where the employer assumes the task, and thus relieves the servant.

While the evidence does not show that plaintiff assisted in placing the plank in question in the position stated, it does show that it was so placed by his fellow servant, and at a time when plaintiff was in the immediate vicinity, and to facilitate the work being then performed by the crew of men of which plaintiff was a member. It also shows that the foreman had no hand in the matter. He was not present at the time, and did not know who placed the plank, nor whether it had been nailed or otherwise secured. He testified that he

was not present at the time, and Glasspool, who arranged the plank, said he did not know whether the foreman was present or not. The case comes, then, squarely within the rule of nonliability, and plaintiff must fail in the action, unless the further contention that he was misled by the foreman be sustained.

It is contended in this respect that, at the time plaintiff's fellow workmen were placing a brace in position to support the upright timber, the foreman in charge ordered plaintiff to go upon this plank and assist in the work. Plaintiff testified that he asked the foreman for a ladder by means of which to reach the plank, and that the foreman replied that the ladders were all in use; that he could climb up the side of the old bulkhead, pointing to the place where the plank rested in an opening thereof. Plaintiff then claims to have asked the foreman whether it was safe to so climb upon the plank, to which the foreman replied, "Yes, it is nailed; go on up." Whereupon plaintiff attempted to go upon the plank, and in doing so pulled the same from its position, and both fell to the ground.

We are unable to distinguish the case from Pasco v. Minneapolis Steel & M. Co. 105 Minn. 132, 117 N. W. 479. The facts in both cases are practically the same, and the conclusion in the Pasco case, that the order of the foreman was an incident in the performance of the plaintiff's duties, a mere detail of the work, and not the order of a vice principal, for which the master is liable, governs and controls the decision here. Other authorities along the same line are cited in the opinion in that case.

There is no claim in the case at bar that plaintiff was an inexperienced servant, requiring on the part of the master warnings and instructions of the dangers incident to his work. He was, as a matter of fact, an experienced workman, and understood thoroughly the work in which he was engaged. Nor is there any claim that the foreman placed, or ordered the placing of, this plank in the position stated, nor any claim that plaintiff was taken from a place of safety in his work, and by order of the foreman exposed to danger in a place wholly unfamiliar to him. The case of Hagerty v. Evans, 87 Minn. 435, 92 N. W. 399, does not, therefore, apply. Nor does the evidence show, or tend to show, that the foreman knowingly ordered plaintiff into a

place of danger, and plaintiff cannot recover upon the theory suggested in Berneche v. Hilliard, 101 Minn. 366, 112 N. W. 392, and the rule therein referred to.

Plaintiff was in as good a position as the foreman to determine the question of safety. The situation was open, and by the least effort on plaintiff's part the fact that the plank was not nailed, and could easily be dislodged by taking hold of it in the manner plaintiff did, readily ascertained. The plank was not defective, but a proper and suitable appliance, and was being used as a platform for temporary purposes. There was, therefore, on the evidence presented, no basis for recovery by plaintiff, and the trial court should have granted a new trial.

We do not sustain the claim that defendant is entitled to judgment notwithstanding the verdict.

Order reversed, and new trial granted.

On November 27, 1911, the following opinion was filed:

PER CURIAM.

Attention has been called to the fact that we were in error in disposing of the case upon the theory that defendant moved below for a new trial, and that the appeal was from an order denying its alternative motion. In fact, no motion for a new trial was made; the motion being limited to the demand for judgment notwithstanding the verdict. As the case was presented, therefore, this court had no alternative but to affirm or reverse. In this situation the judgment must be reversed; it being apparent from the record that there are no mere defects or omissions in the evidence which, under the rule of the Cruikshank case, might be supplied on another trial.

The substantial facts in the case cannot well be presented in a different light, except by a complete change of front; and this could not be done, if the truth is to prevail. Martyn v. Minnesota & International Ry. Co. 95 Minn. 333, 104 N. W. 133; Hoover v. Nichols-Chisholm Lumber Co. 108 Minn. 69, 121 N. W. 416.

Our former order herein is therefore modified, by directing that the judgment appealed from be reversed, and the court below ordered to enter judgment for defendant notwithstanding the verdict.