# FREDERICK FALKENBERG v. BAZILLE & PARTRIDGE.[1]

December 12, 1913.

Nos. 18,303—(148).

**Facts of case.**

1. Plaintiff was in the employ of defendant as painter and decorator. He used a scaffold, consisting of a plank stretched upon ladders. Planks and ladders were furnished by defendant. There is evidence that in the course of the work it became necessary to use a plank of different length from any that had been furnished, and that defendant directed plaintiff's foreman to go to an employee of defendant in charge of another job and that such employee would furnish one. The foreman acted accordingly and the plank was so furnished. It was unfit for the purpose by reason of a knot near the center. This knot was somewhat obscured by lime, plaster and dirt.

[1] Reported in 144 N. W. 431.

---

Note.—On the question of nondelegable duties as to defects in scaffolds, platforms, etc., see note in 54 L.R.A. 69, 77.

As to servant's assumption of obvious risks of hazardous employment, see note in 1 L.R.A.(N.S.) 272. And for servant's assumption of risk of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990. And upon the assumption of risk of dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, see note in 28 L.R.A.(N.S.) 1250.

**Absolute duty of master.**

2. The duty of defendant to furnish suitable plank for scaffolding was absolute, and could not be delegated. The evidence is sufficient that this plank was, in contemplation of law, furnished by defendant, and that defendant was negligent in not furnishing a suitable plank.

**Assumption of risk — test — question for jury.**

3. The question of whether plaintiff assumed the risk of the use of this defective plank was for the jury. The test is whether the defect was known to, or plainly observable by him, and whether he understood, or by the exercise of ordinary observation ought to have understood, the risk incident to its use. In view of the manner in which this defect was obscured by lime, plaster and dirt, the question of assumption of risk was one of fact.

**Contributory negligence — question for jury.**

4. The question of his contributory negligence was also for the jury.

**Verdict not excessive.**

5. The injury was a compound dislocation of the left ankle joint, with a fracture of the tibia. Three operations under an anesthetic were necessary. The leg is shortened an inch and the foot drawn up at the heel, the bones of the foot and of the tibia are fused, and the ankle probably stiff. At the time of the trial, five and one-half months after the accident, he had but slight use of the foot, and his injury will permanently impair his capacity. He was 44 years old and earning 45 cents an hour when injured. A verdict of $4,000 was not excessive.

Action in the district court for Ramsey county to recover $10,000 for personal injury received while in the employ of defendant. The answer alleged that whatever injury plaintiff received was not caused by any negligent act or omission on the part of defendant but was caused by his own negligence; that the appliances and methods of doing the work were in plain view of plaintiff, and with full knowledge of the same he voluntarily entered upon the work and continued therein without objection or complaint, and he assumed all risk incidental thereto. The answer further set up that the injury to plaintiff was caused by the negligence of a fellow servant who at the time of the accident was engaged with plaintiff in the same general business of defendant and without any negligence on its part. The case was tried before Dickson, J., who denied defendant's motion for a directed verdict in its favor, and a jury which returned a verdict for $4,000 in favor of plaintiff. From an order de-

nying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Watson & Abernethy,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

HALLAM, J.

The facts are in dispute, but there is evidence from which a jury might find as follows:

1. Plaintiff was in the employ of defendant as painter and decorator. He was engaged in painting the walls and ceilings of a residence. One Lucci was working with him and was foreman of the job. In the course of the work they used a simple scaffold, consisting of a plank resting upon two step ladders. The necessary planks and step ladders were furnished by defendant, and the planks furnished for this job were 14 and 16 feet in length. By and by they reached a part of the work that necessitated an 8-foot plank. No plank of that length had been furnished, and there was testimony that it was not customary to cut long planks for such purpose. Lucci accordingly called at defendant's shop one morning on his way to work and told one Shelgren, the man in charge of such matters, to send up an 8-foot plank. He promised to do so. When the men were ready to use the 8-foot plank Lucci found it had not been sent up. Thereupon he called Shelgren by telephone and asked about it. Shelgren said "they must have forgot it * * * but you can go across the street. Larson has planks over there. * * * Whatever you need, go over there, 8-foot plank, and get it." Larson was another employee of defendant in charge of another job. Thereupon Lucci and plaintiff went across the street. Lucci asked Larson for an 8-foot plank, and Larson furnished him one. Larson had been using it in a scaffold built under a gable and at the time Lucci came it was lying on a scaffold nearer the ground. There is evidence that this plank was furnished to Larson by defendant. So far as appears, this was the only 8-foot plank Larson had. Lucci tested the plank before using it. Plaintiff's witnesses testified that to all appearances it was sound and of the same character as the plank they were accustomed to use. In fact it had a knot near the center which unfitted it for

use as a scaffold. This knot was somewhat obscured by reason of lime, plaster and dirt. The plank if sound should have borne the weight of four men. In fact, while these two men were working on it, it broke in two, causing the injury complained of. Plaintiff recovered a verdict of $4,000.

2. It was the absolute duty of defendant to furnish plaintiff and Lucci with material suitable for scaffolding. It could not delegate that duty. Lee v. H. N. Leighton Co. 113 Minn. 373, 129 N. W. 767; Rihmann v. George J. Grant Construction Co. 114 Minn. 484, 131 N. W. 478; Reid v. Northwestern Fuel Co. 116 Minn. 96, 133 N. W. 161. This duty was the same whether the plank was furnished to them by defendant directly from its shop or by Larson at defendant's direction, so long as plaintiff and his coworker had no choice in the matter of its selection. Its furnishing was equally the act of defendant in either case. The plank was never suitable for the purpose for which it was furnished. This case is different from the cases where ample material is furnished to employees from which to make a selection, and in the course of their work they themselves, or their fellow servants, select improper material. Fraser v. Red River Lumber Co. 45 Minn. 235, 47 N. W. 785; Oelschlegel v. Chicago G. W. Ry. Co. 73 Minn. 327, 76 N. W. 56, 409. Neither are we concerned with any question of the duty of employers to make inspection of material from time to time during the progress of the work, as in O'Brien v. Northwestern Con. Milling Co. 119 Minn. 4, 137 N. W. 399. This plank was not suitable for the work when furnished to these men in the first instance. The evidence as to negligence of defendant is sufficient to sustain the verdict.

3. The question whether plaintiff assumed the risk of using this defective plank was one of fact for the jury. The principles governing assumption of risk are so well settled by repeated decisions in this state that we need go no further for authority. A servant assumes the risks ordinarily incident to the employment in which he is engaged. If he freely and voluntarily encounters a risk, he has only himself to thank if harm comes. He also, in some cases, assumes the risk incident to use of defective instrumentalities if he acquiesces in their use, even though their use has been imposed upon him through

the negligence of his employer. He does assume such risk when he knows or ought to know the actual character and condition of the defective instrumentality and when he also understands or, by the exercise of ordinary observation ought to understand, the risks to which he is exposed by its use. Russell v. Minneapolis & St. L. Ry. Co. 32 Minn. 230, 234, 20 N. W. 147. As concerns his knowledge of the existence of the defect, the test is found, not in the exercise of care to discover dangers; the test is whether the defect is known to him or is plainly observable by him. Choctaw, Okla. & G. R. R. Co. v. McDade, 191 U. S. 64, 68, 24 Sup. Ct. 24, 48 L. ed. 96. He is not required to look for danger. He assumes the risk only when the danger is so obvious that one who owes no duty to inspect was bound to discover it. As to appreciation of the risk, as distinguished from knowledge of the physical facts and conditions, the question is, did he understand the risk to which he was exposed, or ought he, by the exercise of ordinary observation, to have understood it. Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A.(N.S.) 138.

Applying these principles to the evidence in the case as it is above recited, we cannot hold as a matter of law that plaintiff assumed the risk incident to this defective plank. The plank was covered with more or less lime, plaster and dirt, and the question whether the defect was known or was obvious to him was one of fact.

4. It also contended that plaintiff was guilty of contributory negligence. The determination of this question in this case involves a consideration of much the same facts as are involved in determining the question of assumption of risk. Yet the two questions are different. The question of contributory negligence is wholly a question whether plaintiff exercised the care of an ordinary prudent man in observing or failing to observe the condition of this plank, and in the manner in which he used it. This was a question of fact for the jury. While plaintiff was an experienced workman, he was not held to the same duty of inspection of material furnished for his use as was his employer. Inspection was not in the particular line of his duty. He had a right to assume that his employer had acted with due care in selecting material suitable for the purpose in hand (Lee

v. H. N. Leighton Co. 113 Minn. 373, 129 N. W. 767,) unless he knew, or was chargeable with knowledge that his employer had not performed this duty. Anderson v. C. N. Nelson Lumber Co. 67 Minn. 79, 82, 69 N. W. 630.

5. The damages are not excessive. There was a compound dislocation at the left ankle joint, with a slight fracture of the lower end of the tibia, the bones of the leg protruded through the skin, and the foot turned to the inner side of the leg. Three operations were necessary, all under an anesthetic. The leg and foot were in a cast for about two months. Plaintiff was in bed six weeks or two months. At the time of the trial, five and one-half months after the accident, he was not able to bear weight upon the leg except in a very slight degree. The ankle joint is probably permanently stiff, and the bones of the foot and the bone of the tibia are fused. He may eventually be able to bear his weight upon the foot with some support about the ankle. He is partially incapacitated from such work as climbing ladders. The leg is apparently shortened about an inch, and the foot is drawn up at the heel. Plaintiff was 44 years old and earning 45 cents an hour when injured.

Numerous exceptions are taken to the charge of the court and to the refusal of the court to charge in accordance with certain requests of defendant. It is not necessary to review them in detail. We have examined these with care and have concluded that they present no reversible error. The charge fully and fairly submitted the case to the jury.

Order affirmed.