JIM DOBREFF v. ST. PAUL GASLIGHT COMPANY.[1]

November 13, 1914.

Nos. 18,656—(34).

**Injury to servant — assumption of risk.**

Plaintiff was digging a ditch, five feet deep, with sloping sides, the ditch being four feet wide at the top and one and one-half feet wide at the bottom. He piled the dirt from the ditch on the top earth at one side. This top earth was black soil with the admixture of some stones. It did not differ much from the top earth at other points, but by reason of heavy travel was somewhat more crusted. The subsoil was sand and gravel. As the work progressed the sand and gravel rolled into the ditch, leaving the top crust unsupported until it stood out like a shelf. Plaintiff saw this. When the excavation was nearly completed, this top crust fell in on plaintiff. It fell because it was so undermined and because of the weight of earth piled by plaintiff on top of it. Plaintiff was a man 40 years old, experienced in this class of work. *Held*, he assumed the risk of the dangers to which he was exposed and which in fact caused his injury.

[1] Reported in 149 N. W. 465.

---

Note.—The question of the servant's assumption of risk as to excavations is treated in a note in 19 L.R.A.(N.S.) 350.

Action in the district court for Ramsey county to recover $15,000 for personal injury received while in the employ of defendant. The answer alleged, among other matters, that plaintiff was familiar with the manner and method of digging the trench referred to in the opinion and with the character of the soil in which he was working; that he knew and appreciated the risks and dangers connected with the work in which he was engaged at the time he was injured, and that the risk of injury was assumed by him. The case was tried before Dickson, J., who granted defendant's motion for a directed verdict in its favor. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Gustavus Loevinger* and *Edward P. Graves,* for appellant.

*P. J. McLaughlin,* for respondent.

HALLAM, J.

Plaintiff was injured by the caving in of a ditch which he was excavating for defendant on Minnehaha street, in St. Paul. The ditch was about five feet deep with sloping sides, the width at the top being about four feet and at the bottom one and one-half feet. The men worked in sections, that is, each workman would be assigned a section nine feet long which he would himself excavate to the required depth. This work had proceeded for some distance on Minnehaha street. It appears that the character of the soil all along the street was much the same. The top for a depth of about a foot was black dirt and under this was light sand and gravel. The soil at the place of the accident differed from that at other places along the street only in this, that the top soil contained some stones and was packed down harder because of heavy traffic at this point.

One witness for plaintiff, in describing the situation, at this point, said there were some stones as big as your fist, some smaller and some bigger; asked if there were may of them, he answered: "No, it don't was very many." Plaintiff when asked as to the difference between the top crust at the place where this accident occurred and the top soil in other parts of the ditch answered, "There ain't much difference."

Plaintiff dug through the black dirt and stones on the surface, first

using a pick, and then shoveling out the earth and stones and the sand and gravel below. As he dug down he noticed the subsoil of sand and gravel sliding or rolling into the ditch. He noticed this about 10 a. m., and this process kept on until the accident at 3 p. m., at which time there was no support to the upper crust on the side on which he was piling the dirt, so that the crust stood out like a shelf. When he was nearly through with his work, this crust which he had undermined fell and caused the injury of which he complains.

It is charged by plaintiff that this work was dangerous and that the defendant was negligent, in failing to shore up or brace the sides of the trench, in failing to slope the sides more by widening at the top, in failing to remove the dirt thrown out by plaintiff from the side of the trench, and in failing to warn plaintiff of the dangers of a cave-in. We do not deem it necessary to discuss these contentions in detail, for whatever may be said as to the precautions necessary to make a pit like this a safe place to work, it seems clear that plaintiff assumed the risk of all the dangers to which he was exposed. The doctrine of assumption of risk has not for years been a favorite with courts anywhere and its application has been much circumscribed, and for the future it has, in this state, and in some other states, and in Federal jurisdictions, been in large part abolished by statute. This injury occurred, however, before the adoption of any applicable statute and, unless we are prepared to abandon the doctrine, it seems applicable to the facts of this case. An employee assumes risks incident to his employment and the method of conducting the work in which he is engaged when the conditions out of which danger arises are known to him or are so obvious that one who owes no duty to inspect is bound to discover them, and when he also understands the risk to which he is exposed, or when, in the exercise of the intelligence with which he is gifted, he ought to understand it. Falkenberg v. Bazille & Partridge, 124 Minn. 19, 23, 144 N. W. 431.

Plaintiff was a man 40 years old and was experienced in this class of work. True, he was a foreigner, a Bulgarian. He had not been in this country long and did not know English well, but this did not detract from his intelligence or his knowledge or appreciation of the risks of his work. He appears to have been an intelligent workman.

He had been engaged in this same class of work in Bulgaria. He understood as well as any one the law of gravitation and the conditions under which earth is liable to fall or cave in. Plaintiff dug this ditch himself. He knew the solid and adhesive character of the top earth. He knew that his own work had undermined this crust and had piled some weight of earth above it. There was no concealed danger. The conditions were all open and apparent. Plaintiff had knowledge, therefore, of the condition out of which the danger arose. He must have known, or, by the exercise of the intelligence which he possessed, he ought to have understood, that a thin shelf of earth might easily collapse of its own weight, and would surely collapse if any considerable weight was added to the top of it, and he must have known that, if a crust of earth were undermined so that it should fall, it would fall in larger and heavier chunks than would soft earth. He had full knowledge of all the conditions, and we cannot escape the conclusion that he understood and appreciated the danger and the risk to which he was exposed.

We are unable to distinguish this case from the numerous cases known as the "gravel pit cases," where a workman engaged in shoveling has been held to assume the risk of the caving in of earth, sand or gravel which he has undermined or assisted in undermining. Pederson v. City of Rushford, 41 Minn. 289, 42 N. W. 1063; Swanson v. Great Northern Ry. Co. 68 Minn. 184, 70 N. W. 978; Reiter v. Winona & St. Peter R. Co. 72 Minn. 225, 75 N. W. 219; Kletschka v. Minneapolis & St. L. R. Co. 80 Minn. 238, 83 N. W. 133. See also Olson v. McMullen, 34 Minn. 94, 24 N. W. 318; O'Neil v. Great Northern Ry. Co. 101 Minn. 467, 112 N. W. 625.

The case differs from the cases cited by plaintiff. In some of these the cave-in occurred by reason of conditions unknown to the plaintiff—or because of blasting of which he had not been advised (Kohout v. Newman, 96 Minn. 61, 104 N. W. 764); or because of cracks in the surface of which he did not know (Hill v. Winston, 73 Minn. 80, 75 N. W. 1030); or because, by reason of darkness, he could not see (Heydman v. Red Wing Brick Co. 112 Minn. 158, 127 N. W. 561; Arnold v. Dauchy, 115 Minn. 28, 131 N. W. 625); or because of other conditions of which he had no knowledge (Lund v. E. S. Wood-

127 M.—19.

worth & Co. 75 Minn. 501, 78 N. W. 81; Bartels v. Chicago & N. W. Ry. Co. 118 Minn. 250, 136 N. W. 760); and in some the employer, possessed of superior knowledge, assured the workman of his safety, (Dimetre v. Red Wing Sewer Pipe Co. supra, p. 132, 148 N. W. 1078).

Plaintiff undertakes to distinguish the case at bar from the "gravel pit" cases, on the ground that the top layer of earth here was crusted more than usual. We have already alluded to this feature of the case. This circumstance was known to plaintiff and the effect of it must have been apparent to him. We do not think it takes the case out of the application of the rules above stated. The case is not like the case of Hill v. Winston, 73 Minn. 80, 75· N. W. 1030, where the crust was of such a character that it would not fall by the operation of ordinary natural causes, but was loosened and fell because of blasting operations with which the plaintiff was not familiar.

Plaintiff clearly assumed the risk of the dangers to which he was exposed and which in fact caused his injury.

Exceptions are taken to some of the rulings of the court in excluding evidence offered by the plaintiff. We have carefully examined these exceptions and the offers of evidence. We shall not discuss these exceptions in detail. None of the offered evidence would, if received, have materially changed the aspect of the case so far as concerns plaintiff's knowledge of the conditions or his appreciation of the risk, and we are of the opinion that if the evidence excluded had been received, the result of the action would necessarily be the same.

Order affirmed.