## THOMAS S. HUTCHINS v. JOHN H. WOLFE.[1]

November 20, 1914.

Nos. 18,765—(38).

**Use of scaffold by servant.**

1. Where the master selects and furnishes material for scaffolding purposes, to be used for that purpose only, the servants may assume that in selecting the same the master exercised due care, and they are not required before using it to determine whether it is suitable for the purpose.

**Same — evidence.**

2. Evidence *held* to justify the conclusion that the defendant selected certain material for the purposes stated, that he negligently included therein defective material, the use of which resulted in injury to plaintiff, and that plaintiff was not guilty of contributory negligence.

Action in the district court for Hennepin county to recover $2,550 for injury received while in the employ of defendant. The case was tried before Dickinson, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,180. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*George E. Young,* for appellant.
*John M. Berg* and *Adolph E. L. Johnson,* for respondent.

BROWN, C. J.
Action for personal injuries in which plaintiff had a verdict and

[1] Reported in 149 N. W. 543.
127 M.—22.

defendant appealed from an order denying his motion for judgment or a new trial.

The facts are as follows: Defendant is a contractor and builder, and at the time of the injury to plaintiff was engaged in the construction of a building on Garfield avenue in the city of Minneapolis. The frame work of the structure had been completed and a scaffold erected to enable the workmen to put up the cornice. This scaffold was constructed by the employees of defendant and from material furnished by defendant for the purpose. It was fully completed and in condition for use prior to the time plaintiff entered into defendant's employ, and plaintiff had no hand either in the selection of material therefor or in its construction. He was not a servant of defendant at that time. It was in the usual form of such structures. After entering defendant's service plaintiff was first put to work inside the building where he remained for three or four days. He was then directed by defendant to go upon this scaffold and assist another workman in laying the cornice of the building. While engaged in this work a plank upon the scaffold and upon which he was required to stand in order to lay the cornice suddenly broke, thereby precipitating plaintiff to the ground, a distance of some 15 feet, resulting in the injuries of which he here complains.

The complaint charged negligence in the failure of defendant to provide plaintiff a safe place in which to do his work; that the material furnished for the scaffold was defective and unsafe; and that the scaffold was improperly constructed. The defense, as disclosed by the answer, in addition to the general denial, was that plaintiff was guilty of contributory negligence, in that by suddenly changing from a standing to a sitting position, he subjected the plank to an unusual and violent strain, thus causing it to break and precipitate him to the ground.

By the verdict the jury found the facts in plaintiff's favor, and against the defense of contributory negligence. Our examination of the record leads to the conclusion that the verdict of the jury finding that the plank was defective and improper for use in the scaffold, and that plaintiff was not guilty of contributory negligence, is sustained by the evidence. The evidence made both issues questions of

fact, and we sustain the verdict. It is unnecessary to discuss the evidence. We have examined it with the result stated.

Defendant took exception to the instructions of the trial court, and portions thereof are assigned as error. The court charged, in substance and effect, that since the scaffold was a completed structure before plaintiff entered defendant's employ, the servants who constructed it were not fellow servants of plaintiff, and he did not assume the risk of their negligence in the selection of the material therefor. And further that if defendant made the selection of the material for the scaffold, and failed to exercise due care in such selection, as a result of which the defective plank was made a part of the scaffold, he was liable for such negligence without regard to the fact that his other servants put the scaffold in shape for use. We do not use the exact language of the instructions, but this statement thereof is in substance what the court said to the jury.

The particular objection to the instructions goes to that part wherein the court said to the jury that acts of negligence on the part of defendant's servants preceding the time when plaintiff entered the service, are not chargeable to plaintiff under the fellow-servant doctrine, for he was not at the time of such negligence their fellow servant. We find it unnecessary to determine this question. The authorities are not in harmony thereon, and as a further question disposes of the case we pass it without comment. The question is referred to in 4 Labatt, Master & Servant, 1406, where the authorities upholding both views of the question are cited.

The case on its undisputed facts is controlled by Lee v. H. N. Leighton Co. 113 Minn. 373, 129 N. W. 767, and Falkenberg v. Bazille & Partridge, 124 Minn. 19, 144 N. W. 431. It appears from the evidence, and we discover no real controversy on the subject, that the scaffolding material for this building was all selected by defendant; it was purchased by him and delivered upon the premises to be used for that purpose. It is not a case where the master furnishes a mass of material from which the servants may select suitable pieces for purposes of this kind, but one, like the Leighton case, supra, where the master selects and furnishes material for the particular purpose. In such case the servant is not charged with the duty of

examining the material so furnished to determine whether it is fit and suitable, but may rely upon the judgment of the master that it is all proper and safe, and that the master acted with due care in selecting the same. This is settled law in this state as well as elsewhere. The testimony of defendant makes it clear that he purchased and delivered upon the premises the material, of which the plank in question formed part, expressly for scaffolding purposes, and that it was devoted to that purpose by his servants. The case comes, therefore, within those cited, and defendant is liable irrespective of the question of the negligence of fellow servants.

All other assignments of error have been considered with the result that no reversible error appears.

Order affirmed.